ALFRED R. CARTER v. CASTLE SUTHERLAND.

*Malicious prosecution—Malice—Assault—Unnecessary force—Variance.*

1  B. took the whiffletrees from C.'s wagon and C., who had a wagon stake in his hand, threatened to break his head. S. thereupon had C. arrested for assault and C. sued him for malicious prosecution. The judge charged that while a man had a right to protect his property he would only be justified in using just force enough to do so; and that while C. might have been justified in taking away the whiffletrees from B. and using only enough force for that purpose he would not be justified in striking him on the head with a stick as that would be inflicting punishment. *Held* that this was correct and was not objectionable as taking from the jury the question whether C. was chargeable with using more force than was necessary. And it was proper to instruct the jury that they might make allowance for excitement on the part of S. as bearing on the question whether he acted maliciously in having C. prosecuted.

2.  A justice's mistake in filling out a complaint as one for assault and battery when the actual complaint, on which the warrant was issued, was for an assault only, cannot in an action for malicious prosecution prejudice the person making the complaint.

Error to Saginaw.  (Gage, J.)  Jan. 18.—Feb. 8.

CASE.  Plaintiff brings error.  Affirmed.

*Trask, Grout & Smith* and *Ferdinand Brucker* for appellant.  The owner of property may use whatever force is needed to protect it: *Bobb v. Bosworth* Litt. Sel. Cas. 81; *Baldwin v. Hayden* 6 Conn. 453; *State v. Taylor* 82 N. C. 554.

*L. C. Holden* and *J. M. Harris* for appellee.  A threatening demonstration is an assault: 2 Archb. Cr. Pr. 42; *State v. Morgan* 3 Ired. 186; *Bloomer v. State* 3 Sneed 66; *Keefe v. State* 19 Ark. 190; allowance for excitement is properly made in determining the question of probable cause in instituting a prosecution: Cooley on Torts 181; *Cole v. Curtis* 16 Minn. 182; *Hill v. Taylor* 50 Mich. 549.

COOLEY, C. J.  This is a suit for an alleged malicious

prosecution of the plaintiff on a charge of assault and battery upon one Brown. In the circuit court the defendant had judgment.

It appears that the parties had had a controversy over the division of certain grain which plaintiff had raised on the land of defendant's wife upon shares, and which plaintiff was then proposing to take away from the farm without dividing it. Brown was present with defendant and apparently in his interest, and he removed the whiffletrees from plaintiff's wagon and started to go away with them. Plaintiff, according to defendant's statement, picked up a wagon stake and told Brown if he did not put down the whiffletrees he would break his head, and Brown dropped them. For this threat and menace defendant made complaint against plaintiff before a justice of the peace. The complaint, as is clearly shown in this case, was for assault only, but the justice filled out an ordinary printed blank for assault and battery, and the plaintiff was arrested for it, tried and acquitted. The justice before whom the trial took place certified that the complaint was made upon probable cause. The plaintiff, after his acquittal, instituted this suit.

When the evidence was in, the plaintiff requested the following instructions:

"1st. If the jury find from the evidence in this case that Brown was a stranger to plaintiff, and that he came upon the premises which plaintiff was in the lawful possession of, and without any explanation to plaintiff began to remove plaintiff's whiffletrees from plaintiff's wagon, and upon being requested by plaintiff to return them refused or neglected to do so, or to explain his intention in so removing them, plaintiff had a right to threaten Brown with violence if he did not return the property, and his doing so would constitute no offense.

2d. A party has no right to enter upon the property of another and without leave of the owner, and more particularly in violation of the orders of the owner remove the property of such other party; and if he persists in such acts despite the commands of the owner, he cannot complain if the owner assaults him to compel him to desist

from such acts; and an assault by the owner of such property, made in good faith to prevent such removal, would be a justifiable assault.

3d. If the jury find the plaintiff used no more violence or threats than were necessary to protect his property, then he committed no crime in what he did."

These were not given in terms, but the judge instructed the jury as follows:

"The burden of proof is upon the plaintiff to show that this prosecution instituted by Mr. Sutherland was not only malicious in its character, but that it was also instituted without probable cause on the part of Mr. Sutherland. Even if he had an ill-will against Mr. Carter, yet if the facts and circumstances were such as justified him, if there was probable cause there to make the charge, he could not be held in this action, although he may have entertained ill-will, or may have instituted it from some improper motive, if in fact there was probable cause. The evidence in this case will disclose that there was no assault and battery. It is not claimed by either side that there was an assault and battery committed. If the facts are as stated by Mr. Carter—if he states the facts correctly—there was no assault. A party is not guilty of assault by simply making a threat. Threats do not constitute an assault. If he simply picked up a stick and held one end of it on the ground, and remained there stationary, as he says, and then uttered a threat without proceeding to carry it into execution, or do anything that represented a design on his part to carry it into execution, there would be no assault. If, however, Mr. Carter picked up that stick and raised it with both hands in a threatening attitude, and was near enough at the time to have inflicted bodily injury on Mr. Brown when he so raised it, and you find from testimony that he intended to use it in accordance with the threat, that is, to break his head, or strike him on the head in case he did not put the whiffletrees down, and he was only prevented from carrying that threat into execution because the whiffletrees were put down, he would be guilty of an assault. Or, if he raised that stick and advanced towards Mr. Brown, if you so find, with the intent to use it to inflict personal injury on him with it, and advanced for that purpose and only desisted because Mr. Brown complied with his demand to put down the whiffletrees, that would be an assault. While a party has a right to protect his property, yet he would be only justified in using just force enough to pro-

tect his property.   He might have been justified in this
instance in taking away the whiffletrees from Mr. Brown,
and using only enough force to do it.   But he would not
be justified in striking him on the head with a stick or in-
flicting injury of that character because he did not put the ·
whiffletrees down ; that would not be defending his prop-
erty, but it would be inflicting punishment because he took
the property, for which he would not be justified.   There
is quite a variance in the testimony as to what occurred
there on that day.   If you feel satisfied that Mr. Suther-
land saw this transaction, as the witnesses in his behalf
have testified,—that is, if you find, as he claims, he saw the
transaction, that Mr. Carter raised his stick and advanced
toward Mr. Brown, with an intent to strike him on the
head, and with a design to carry it into execution, or that
Mr. Sutherland so understood it, and that Mr. Carter only
desisted because Mr. Brown complied with his request,—
there was an assault committed, but no battery, and he
would be entirely justified in making this complaint.

But the complaint is for something more than assault ; it
is for an assault and battery.   Mr. Sutherland attempts to
explain that by saying that he explained the facts to the
magistrate, and did not read the complaint as printed here,
and supposed that the complaint was for the offense that he
had stated to the magistrate.   If you find that to be true
you may treat his complaint to the magistrate as for an as-
sault simply, and not for an assault and battery ; but if you
find that he made the complaint understandingly, knowing
that it was a complaint for an assault and battery, I cannot
very well see how you can find that he was justified in
making a complaint, for he himself admits that thére was
no battery committed, and none of the witnesses claim that
there was.   That is a question of fact for you· to find."

And after some discussion between counsel, the judge
added :

" Mr. Sutherland is a man of age and is supposed to have
the ordinary discretion of mankind.   The jury must find,
of course, that he honestly believed that an offense had
been committed, but they must also find that the facts and
circumstances were such that a man of ordinary prudence
and discretion would have come to the same determination
that Mr. Sutherland did.   Yet you will make some allow-
ance for the position of the parties at the time, for any ex-
citement that may have been occasioned or may have ex-
isted there in the mind of Mr. Sutherland, he being there

upon that farm and engaged in some discussion with Mr. Carter with regard to the property there; that may be taken into consideration by the jury in considering the matter, as to his belief and as to what occurred. In other words, you are to view the case as the parties viewed it there."

These instructions are complained of, but they seem to us entirely fair. They are not open to the criticism which the plaintiff makes, that they took from the jury the question whether the plaintiff was chargeable with more force than was necessary in defense of his property. The judge stated correctly what force would be excessive and what not, and he went no further. *Ayres v. Birtch* 35 Mich. 501, which is relied on by the plaintiff, is not inconsistent with this charge.

What the judge said to the jury about making allowance for the excitement on the part of Sutherland when the affray took place was proper enough. It is evident from the testimony of all the parties that there was some excitement at the time, and it was natural that each should to some extent misjudge and exaggerate what he considered the unlawful conduct of the other. In judging of a man's malice it is often very important to know whether he was provoked to anger in what he did, or whether he has proceeded in cool blood and with deliberation; and if a jury are to be the judges it is proper to tell them so.

What the judge said respecting the complaint being made for a battery as well as for an assault-is also complained of, but it was not erroneous. The error in making out the complaint was the fault of the justice rather than of the party, and it did not injure the plaintiff. The complaint orally made was for an assault only; and it was upon that that the justice decided to issue a warrant. The written complaint was of course intended to follow the one orally made.

An error is assigned on the admission of evidence, but we do not think it well taken or that it requires discussion.

The judgment must be affirmed.

The other Justices concurred.