Spear vs. Hiles.

SPEAR, Respondent, vs. HILES, Appellant.

*November 9 — November 23, 1886.*

| 67 | 361 |
|----|-----|
| 117 | ³615 |

MALICIOUS PROSECUTION. *(1, 2) Probable cause: Accessory before the fact. (3) Judgment of prosecutor biased by his injury. (4) Damages: Pregnant woman: Deficient child: Expert testimony.*

1. A prosecution for a felony will not be held to have been without probable cause if there was probable cause to believe the accused guilty as an accessory before the fact to such felony.

2. One who has knowledge of a contemplated crime and gives express consent thereto, being moved by malice towards the person to be injured, is an accessory before the fact.

3. The jury may be instructed that in determining whether there was probable cause for instituting a criminal prosecution, some allowance will be made when the prosecutor was so injured by the offense that he could not likely draw his conclusions with the same impartiality that a person entirely disinterested would deliberately do; and that all that could be required of him was that he should act as a reasonable and prudent man would be likely to do under like circumstances.

4. The plaintiff, when arrested in July, 1883, was with child. A physician who attended her in prison testified that he found her suffering from nervous prostration, followed by indigestion and debility; that in his opinion such condition was produced by the nervous shock caused by her arrest and incarceration; and that a pregnant woman in that condition would be likely to give birth to a monstrosity or a deficiency. The child was born in December, 1883, the same physician being in attendance. In April, 1884, the physician went to Europe, and did not return until May, 1885. He testified that the child, when born, was perfect so far as he then knew, but that at the time of the trial, nearly two years later, it was defective in its brain and nervous system. It did not appear that he suspected such deficiency until after his return from Europe. *Held*, that it was error to permit him to give his opinion that the cause of the deficiency in the child was the nervous, prostrate condition of the plaintiff in July, 1883.

APPEAL from the Circuit Court for *Monroe* County.
The case is stated in the opinion.
For the appellant there was a brief signed by *E. Q. Nye*

and *Morrow & Masters*, attorneys, and *H. W. Chynoweth*, of counsel, and the cause was argued orally by *Mr. Morrow* and *Mr. Chynoweth*.

For the respondent there was a brief by *Quarles & Spence*, attorneys, and *John T. Fish*, of counsel, and oral argument by *Mr. Quarles* and *Mr. Fish*.

LYON, J. This appeal is by the defendant from a judgment recovered against him in an action for an alleged malicious prosecution.

The plaintiff, together with her husband and one George L. Haney, was prosecuted criminally by the defendant for the felonious burning of certain warehouses of the defendant and his son, at Dexterville, in Wood county, on the night of July 7, 1883. On such complaint she was arrested July 13, 1883, and held for trial (with the other parties accused), and was confined for several weeks in the jail of that county. She was afterwards tried in the circuit court on an information for the offense filed by the district attorney, and acquitted. The damages claimed in this action are for such prosecution, which is alleged to have been malicious and without probable cause.

The facts are sufficiently stated in the case (decided herewith) of John R. Spear (the husband of the plaintiff) against this defendant [*ante*, p. 350], which arose out of the same prosecution. Many of the legal propositions there decided are applicable to this case. They will not be repeated here. The verdict was for the plaintiff, assessing her damages at $9,000, for which sum she had judgment. Certain errors were assigned which were not assigned in the other case. These only will be considered.

1. There is no testimony in the case tending to show that plaintiff was present when the defendant's buildings were set on fire. There is, however, some testimony which tends to show that the plaintiff was an accessory before the fact

to the burning of the buildings; or, at least, that the defendant had probable cause to believe her accessory thereto.

An accessory before the fact to a felony is said, by a learned author, to be "a person whose will contributes to a felony committed by another as principal, while himself too far away to aid in the felonious act." 1 Bish. Crim. Law, § 673. It is laid down by Lord Hale that "an accessory before the fact is he who, being absent at the time of the felony committed, doth yet procure, counsel, command, or abet another to commit the felony." 1 Hale, 615. In 2 Hawk. ch. 29, § 16, it is said that "it seems to be generally holden that those who, by showing an express liking, approbation, or assent to another's felonious design of committing a felony, abet and encourage him to commit it, are all of them accessories before the fact, both to the felony intended and all other felonies which shall happen in and by the execution of it, unless they retract and countermand their encouragement before it is actually committed." One who barely conceals a felony which he knows to be intended, is not an accessory. 2 Hawk. ch. 29, § 23. Neither is tacit acquiescence, nor words which imply mere permission, sufficient to constitute the offense. There must be some active proceeding on the part of him who is charged as an accessory, or he is not guilty of the offense. Archb. Crim. Pl. 12, 13. Yet express consent to a proposed felony, especially if the person consenting thereto entertains malice towards the object of the proposed felony, may make such person an accessory to the felony when committed.

Mr. Bishop says that the distinction between such accessory and the principal felon rests solely in authority, being without foundation either in natural reason or the ordinary doctrines of the law, and he supports his views by satisfactory argument as well as by authority. 1 Bish. Crim. Law, § 673. Both at common law and by our statute (R. S. sec. 4613) the punishment of the principal felon and the acces-

sory is the same. Under sec. 4614 the latter may be prosecuted for a substantive felony; the punishment on conviction remaining the same.

There being no distinction in principle between the two offenses, it would be most unreasonable and unjust to hold a prosecution for a felony to have been without probable cause when there is probable cause to believe the accused guilty as an accessory before the fact to such felony. We do not believe the law sanctions so obvious an injustice. We hold, therefore, that, if the defendant had probable cause to believe that the plaintiff was an accessory before the fact to the felonious burning of his buildings, the plaintiff cannot recover, notwithstanding she was prosecuted as a principal felon and there was no probable cause to believe that she set the fire or was present when it was set.

There is testimony tending to show that she told a witness, on the day of the fire, that Haney was going to burn the buildings that night; that she expressed hostile feelings towards the defendant for not paying her husband a debt he owed the latter; that after the fire she exulted because the buildings were burned, and predicted that another of defendant's buildings would be burned next; and that the statements thus made were communicated to the defendant before he commenced the criminal prosecution against the plaintiff, her husband, and Haney. On this testimony, if a jury believed it, she might properly have been convicted as an accessory before the fact to the burning. If the testimony is true, her conduct shows something more than bare knowledge that the felony was about to be committed or a tacit permission that it might be. The fair inference from it is that she had guilty knowledge of the contemplated crime and gave express and guilty consent thereto, being moved by malice towards the defendant. This would be abetting the felony, thus making her accessory thereto.

It is a fair deduction from the instructions given and refused that the circuit judge took a different view of the law.

The jury were instructed as follows: "But if the defendant was informed by Hammond and his wife that the plaintiff, before the fire, said that the defendant owed Haney, and had notified her husband that Haney was coming from Grand Rapids and would set the buildings on fire that night, and after the fire said, 'Did you see the bonfire last night?' and 'the cooper-shop will go next,' and Hammond and his wife were creditable persons, and the defendant believed them, . . . such information alone did not constitute probable cause for the prosecution of the plaintiff for the crime of arson for the burning of the defendant's building."

The court refused the following instruction proposed on behalf of the defendant: "The plaintiff cannot recover in this action if the defendant had probable cause to believe the defendant guilty of having set fire to the buildings burned; and it is not necessary to her guilt, or to the defendant's belief in her guilt, that he believed she herself set the fire; but it is sufficient for the purpose if he had probable cause to believe that she was privy to the criminal act of any other person who may have set the fire, and such act was done with her procurement or advice, or with her consent or knowledge, for any wrongful or unlawful purpose of her own; as to gratify any feeling of revenge, ill will, or spite which she may have had against the defendant."

The proposed instruction, considered in connection with the testimony above referred to, which characterizes the qualities and scope of the "consent or knowledge" therein mentioned, is equivalent to an instruction that if the defendant had reasonable cause to believe that the plaintiff knew felony was about to be committed and abetted it by giving a guilty consent thereto, or, in other words, that the plaintiff was accessory before the fact to the felony, she

could not recover. The jury would necessarily have so understood the instruction. We think it should have been given, in substance at least.

2. The court refused to give the following instruction proposed on behalf of the defendant: "In considering that Mr. *Hiles* had probable cause for instituting the criminal prosecution complained of, you should take into consideration all the facts and circumstances known to *Mr. Hiles*, as appears from all the evidence in the case, and, in this connection, should consider the interest or loss of *Mr. Hiles*, as shown by the evidence, as one element or condition upon which to base your finding; for some allowance will be made when the prosecutor is so injured by the offense that he could not likely draw his conclusions with the same impartiality and absence of prejudice that a person entirely disinterested would deliberately do. All that can be required of him is that he shall act as a reasonable and prudent man would be likely to do under like circumstances." Such an instruction was upheld in *Carter v. Sutherland*, 52 Mich. 597, and in *McCarthy v. De Armit*, 99 Pa. St. 63; *S. C.* 3 Crim. Law Mag. 209. The reason thereof is contained in the last sentence of the proposed instructions, and it commends itself to our judgment. We think the instruction should have been given.

3. At the time plaintiff was confined in prison she was with child, and was delivered thereof in the following December. Dr. Robinson attended her in prison, and officiated at the birth of her child. He testified that he found her in prison, suffering nervous prostration, followed by indigestion and debility; and the drift of his testimony is that in his opinion such condition was produced by the nervous shock caused by her arrest and incarceration, and still continues to some extent; and that, while she may recover, he does not look for a speedy recovery. He also testified that a pregnant woman in that condition would be liable to give

birth to a monstrosity or a deficiency; also that the plaintiff's child, when born, was perfect so far as he then knew, but that, at the time of the trial, nearly two years later, it was defective in the brain, spinal cord, and nervous system. Dr. Robinson went to Europe in April, 1884,— about four months after the birth of the child,— and did not return to Wisconsin until May, 1885. It does not appear that he knew or suspected the child was deficient until after his return. He was permitted to testify, against the objection of defendant, that in his opinion the cause of the deficiency in the child was the nervous, prostrate condition in which he found the plaintiff in July, 1883.

Dr. Robinson was a competent witness to the condition of the plaintiff when he saw her in jail, and afterwards. He was competent, also, to give his opinion, as an expert, as to the nature and probable future effects of her condition upon herself and, perhaps, upon her unborn child. But, in view of the facts that it is common knowledge that there are numerous causes for physical, mental, or nervous deficiency in children; that healthy women do sometimes give birth to deficient children; that nervous or otherwise unhealthy women often bear healthy children; and that Dr. Robinson detected no defect in the plaintiff's child until it was nearly a year and a half old,— we think the authorized limits of expert testimony were greatly exceeded when he was allowed to give his opinion that the deficiency in the plaintiff's child was caused by the nervous prostration of the plaintiff during her pregnancy. The testimony should have been excluded.

This testimony may have been, probably was, prejudicial to the defendant. The deficiency of the child is not a proper element of damages in this case; yet the very large sum at which the damages were assessed raises the apprehension — almost the presumption — that the damages were materially increased by reason of the admission of such improper testimony.

All errors assigned which are not determined either in this action or in that of John R. Spear above mentioned, are reserved.

The judgment of the circuit court must be reversed, and the cause will be remanded for a new trial.

*By the Court.*— Ordered accordingly.