## South Chicago City Railway Company v. Ivert Adamson.

1. CONTRIBUTORY NEGLIGENCE—*Forbids a Recovery.*—The law of contributory negligence forbids a recovery by one who, by his own fault, brings an injury upon himself, and it is no longer a question of comparison as to who was most at fault.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed March 8, 1897.

OSBORN & LYNDE, attorneys for appellant.

JAMES C. McSHANE, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

In a suit for personal injuries received by the appellee, he recovered a verdict against the appellant for $3,800,

South Chicago City Ry. Co. v. Adamson.

which was remitted down to $2,000, and judgment for that amount was entered upon the verdict.

The circumstances of the accident out of which the suit arose were, briefly, that the appellee was driving his team and empty wagon north on Stony Island avenue between 76th and 75th streets, on which avenue the appellant operated a double track line of electric cars.    The appellee was driving on the east side of the avenue, and about the time he reached 75th street he turned his team and attempted to cross the car tracks, but before he got over, the rear part of his wagon was struck by an electric car going north, and he was thrown out and sustained the injuries complained of.

We do not need to mention why it was necessary for appellee to cross the track.    His right to do so, with ordinary care, was equal to that of the appellant to use the track.

The track was a foot or more higher than the roadway on either side of it, and in order to make the crossing, it was manifestly good driving to go slowly, and it was the part of good judgment by a driver to make the crossing at nearly a right angle to the track, so as to avoid the sliding or sluing of the wagon wheels when they should strike the iron rails of the track.

And the appellee seems to have both driven slowly, and at nearly a right angle to the track.

But whether, under circumstances rendering such a course wise and prudent, he should have attempted to cross in front of an electric car which was approaching him at so short a distance away as in this case, and which he saw before he started to make the crossing, raised the very important and close question whether he was not guilty of contributory negligence to such a degree as to bar him from any recovery.

Without reciting the evidence, it is enough to say that the question of his contributory negligence in bringing the accident upon himself, was the controlling question of fact in the case.    We need not, at this time, say that the weight of the evidence upon that subject was so clearly opposed to the verdict as to justify our reversal of the judgment on that

ground, although it is made our duty under the law to consider the evidence, and to set aside verdicts that are not supported by it. C. & E. R. R. Co. v. Meech, 163 Ill. 305; C. & N. W. Ry. Co. v. Holdom, 66 Ill. App. 201.

But there was, at least, so much evidence tending to show contributory negligence by the appellee, as to require a critical examination of the instructions that were given covering that question.

The seventh instruction asked by the appellant was as follows:

" 7. If the jury shall find from the evidence that both the motorman and the plaintiff supposed that the plaintiff would be able to get across the track without being struck by the car, and that in so doing they both erred in their judgment in respect to the matter, and that the accident was due to such error in judgment on their part, then the plaintiff can not recover, and their verdict must be for the defendant."

Instead of giving it as asked, the court modified it by inserting after the words " in respect to the matter " the words " and both exercised ordinary care and caution up to the time of the collision."

The theory upon which the instruction was drawn was, that both the motorman and the appellee were chargeable with the exercise of care and judgment in the situation in which they were placed, and that if in such regard they both erred, and the accident resulted in consequence of such joint error, no recovery could be had. If both were equally negligent, there could be no recovery, is well settled law.

The instruction was warranted under the evidence that tended to show that the appellee erred in judgment in supposing that he had time to cross the track, and that the motorman likewise erred in judgment in not beginning sooner than he did to try to stop his train, and should have been given as requested. The modification of the instruction, by adding the words quoted, was equivalent to telling the jury that appellee could recover unless both himself and the motorman were in the exercise of ordinary care. In

other words, if the motorman was exercising ordinary care, and the appellee was not, then appellee could recover, which is much the same as saying that the degree of care on the part of appellee was immaterial, however careful the motorman may have been.

Such is not the law. The law of contributory negligence forbids a recovery by one who, by his own fault, brings an injury upon himself, and it is no longer a question of comparison as to who was most at fault.

The appellant had a right to have the instruction squarely present to the jury, the law that if the accident were due to the joint negligence of the motorman and the appellee, no recovery could be had, disconnected with the other and inconsistent elements embodied in the modifying words inserted by the court.

For the fault in modifying the instruction, and upon the question of whether the appellee was guilty of a degree of negligence which should bar his recovery, we think there should be another trial.

The judgment of the Circuit Court is reversed and the cause remanded.