THE CHICAGO UNION TRACTION COMPANY

*v.*

ALICE P. GOULDING.

*Opinion filed June 19, 1907.*

INSTRUCTIONS—*refusal of instruction cautioning jury to regard their answers to questions is discretionary.* The refusal of an instruction cautioning the jury to remember that the answers given by them when being examined by counsel touching their qualifications, lack of prejudice and freedom from passion and sympathy were binding upon them until discharged from the case is discretionary with the trial court, and error cannot be predicated thereon.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

JOHN A. ROSE, and ALBERT M. CROSS, (W. W. GURLEY, of counsel,) for appellant.

JAMES G. CONDON, and THOS. J. CONDON, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellee sued appellant for damages she claimed to have sustained by reason of having been negligently thrown to the ground while attempting to alight from one of appellant's cars. The declaration, consisting of one count, in substance charges that appellee was a passenger on one of appellant's cars, and that while attempting to alight therefrom at her destination, the car was negligently controlled and carelessly started by the appellant's servants in charge, thereby throwing appellee to the ground and seriously injuring her. She recovered a verdict and judgment in the trial court for $6000, which has been affirmed by the Appellate Court and this further appeal prosecuted.

Appellee and one other witness testified as to the manner and cause of her being thrown to the ground while

alighting from the car and the immediate effect produced thereby. This was not controverted by any other testimony. Appellant claims no such accident was ever reported to it by those in charge of the car, and its contention was and is that no such accident occurred. There is no evidence whatever to support this contention. Appellee's testimony that the accident did occur and as to how it occurred was fully corroborated by the testimony of another wholly disinterested witness. Appellee claimed that, in addition to less serious injuries caused by the fall, she fell with such suddenness and violence that retroversion of the womb was caused thereby, which developed later into more serious and distressing conditions of the female organs, and that these conditions are permanent. It is not denied that the evidence tended to support appellee in all her contentions, nor is it claimed that the court erred in submitting the case to the jury. Counsel for appellant in their brief concede that "this court cannot be asked to set the verdict aside on the ground that it is against the evidence on the liability issue."

A number of objections are made to the court's rulings in permitting medical witnesses to give certain testimony for appellee and in refusing to permit medical experts offered by appellant to answer certain questions asked them. We have examined all of these complaints and find them to be so unimportant that it is unnecessary to take them up and discuss them in detail. It is sufficient to say that no error prejudicial to appellant was committed by the court in admitting or refusing testimony.

Complaint is also made of the court's refusal to give the following instruction:

"Preliminary to your being accepted and sworn to act as jurors in this case you were examined by both plaintiff and defendant as to your competency and qualifications to act as jurors in this case. As a part of such examination each of you answered all questions asked you by both plaintiff and defendant. Your answers showed you were com-

petent and qualified to act as jurors and the parties to this suit accepted you as jurors on the faith of your answers. The answers you then made to said questions in regard to your competency, qualification, fairness, lack of prejudice and freedom from passion and sympathy are as binding on you now as they were then, and should so remain until you are finally discharged from further consideration of the case. It would be improper for you to disregard those answers that rendered you competent jurors."

It is contended the court should have given this cautionary instruction because appellant's theory was that appellee's claim was not an honest one, and, although it had no witnesses to dispute that the accident occurred as claimed, the circumstances were of such a character that it was error for the court to refuse the instruction offered. We find nothing in the evidence that would have justified the court in giving the instruction on the grounds contended for. At all events, the trial court was in a position to know whether such an instruction should be given, and the most that can be said for it is, that it belongs to that class of instructions the giving or refusing of which is in the discretion of the court. (*Birmingham Fire Ins. Co.* v. *Pulver,* 126 Ill. 329.) At appellant's request the court did instruct the jury that it was their duty to consider the case the same as if it were a suit between two private citizens; that the appellant corporation was entitled to the same fair, unprejudiced treatment as an individual would be under like circumstances, and that in deciding the case the jury should look solely to the evidence for the facts and to the instructions of the court for the law of the case.

We are unable to see that appellant was in any manner prejudiced by any rulings made by the court during the progress of the trial or that any error was committed by the Appellate Court in affirming that judgment. The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*