### Harriet E. Penney, Appellee, v. Charles T. Johnston, Appellant.

1. Malicious prosecution—*what competent in mitigation of damages to show good faith.* Other thefts than that made the basis of the prosecution are competent in mitigation of damages and to show good faith.

2. Malicious prosecution—*what competent in mitigation of damages and to show good faith.* Information as to alleged thefts obtained from others may be shown in mitigation of damages and to establish good faith.

3. Malicious prosecution—*when instruction in action for, erroneous.* In an action for malicious prosecution, an instruction is erroneous which authorizes the jury to render its verdict against the defendant because of his having employed private counsel to assist the state's attorney in the prosecution of the indictments, irrespective of the fact, which there was evidence tending to show,

that such private counsel was employed by the defendant at the instance and request of the state's attorney.

4. MALICIOUS PROSECUTION—*character of disclosure required to counsel.* In order to sustain a defense to an action for malicious prosecution predicated upon the advice of counsel, it need not appear that the defendant in the action, in making his disclosure to counsel, acted in a judicial or entirely impartial manner; it is enough if he acted as a reasonable and prudent person would ordinarily act under like circumstances.

5. ATTORNEY AND CLIENT—*when knowledge of former not imputable to latter.* Generally, the knowledge of the attorney is imputable to his client, and the client is not permitted to reap an advantage secured to him by the fraudulent act of his attorney, but this principle is not applicable in a case where the client acting honestly and in good faith upon information obtained from his attorney, institutes and prosecutes criminal proceedings against another.

6. INSTRUCTIONS—*must not give undue prominence to particular facts.* An instruction is objectionable which singles out and gives undue prominence to certain facts and ignores others.

7. INSTRUCTIONS—*must not assume facts in dispute.* An instruction is improper which assumes the existence of facts in dispute.

8. INSTRUCTIONS—*what issues should not be submitted.* An instruction should not submit to the jury an immaterial issue.

9. INSTRUCTIONS—*effect of refusing cautionary.* It is within the sound discretion of the court to give or refuse instructions which belong to the class known as cautionary; the refusal of such an instruction is not ground for reversal.

10. INSTRUCTIONS—*must not invade province of jury.* An instruction is properly refused which invades the province of the jury, is argumentative and misleading.

Action in case for malicious prosecution. Appeal from the Circuit Court of Christian county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the November term, 1907. Reversed and remanded. Opinion filed June 11, 1908.

HUGH CREA, HUGH W. HOUSUM and JOHN E. HOGAN, for appellant; JOHN E. HOGAN and JAMES T. WHITLEY, of counsel.

JOHN FULLER, G. K. INGHAM, J. C. MCBRIDE and BUCKINGHAM & GRAY, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

At the May term, 1905, of the Circuit Court of

Macon county the grand jurors in and for said county returned six indictments against appellee, Harriet Penney, and her daughter, Etta Penney, charging them with larceny of certain goods, alleged to be the property of appellant, Charles T. Johnston. A trial of said defendants upon said indictments resulted in a verdict of acquittal, and thereafter said Harriet E. Penney instituted her suit against appellant for malicious prosecution. After one trial of said cause in Macon county, the venue was changed to Christian county, and a second trial there by jury resulted in a verdict and judgment against appellant for $2,500.

The record in the case is very voluminous and the facts involved are many and complicated. As the judgment must be reversed for errors of law in excluding competent evidence and in the rulings upon instructions, we shall not attempt to set out all the facts in detail, and shall withhold our views upon the merits of the controversy.

Etta Penney, the daughter of appellee, was a clerk in the dry goods store of appellant in Decatur during the time appellant claims to have missed certain goods from his stock. Appellant claims that his suspicions were directed against said Etta as having stolen said goods with the assistance and connivance of her mother, the appellee. All of the goods claimed to have been so stolen and found by appellant in the possession of Etta, or in her trunk, were not described in the indictment, the indictment having been so drawn by the state's attorney as to include the description of only such goods as he selected. Upon the trial the court refused to permit appellant to introduce evidence tending to show that appellee and her daughter had, prior to the finding of the indictments, stolen goods other than those specifically described in the indictments, a list of which goods appellant had presented to the grand jury. This was error. While such evidence did not constitute substantive proof of the existence of probable cause by appellant of procuring the

indictments and instituting the prosecution thereunder, as alleged in the declaration, the evidence was relevant as bearing upon the question of appellant's good faith, and in mitigation of damages.

The court refused to permit the witness, Blossom, to state what he had said to appellant, prior to the finding of the indictments relative to information which he (Blossom) claimed to have obtained from one Zoe La Brash, tending to show that appellee and her daughter were guilty of the alleged larceny. For the purposes heretofore stated, we think the evidence was competent.

For the same reasons, the assistant state's attorney should have been permitted to state why he did not describe in the indictment all of the articles mentioned in the list presented by appellant to the grand jury. The court did not err in excluding from the jury the list of goods prepared by the witnesses Brown and Sullivan and claimed to have been found in a trunk belonging to Etta Penney. Neither was it error to exclude the transcript of the shorthand notes by the stenographer, of the interview between appellee and her daughter and appellant and his attorney, Weber.

Several of the instructions given at the instance of appellee are subject to criticism. The first instruction makes appellant responsible for false testimony, if any, given before the grand jury by witnesses other than himself, without his knowledge or procurement. It also makes appellant liable for having employed private counsel to assist the state's attorney in the prosecution of the indictments, irrespective of the fact, which there is evidence tending to show, that such private counsel was employed by appellant at the instance and request of the state's attorney. Furthermore, the instruction assumes that appellant procured the indictment and prosecution of appellee.

The second instruction is erroneous because it imputes to appellant the knowledge of his attorney of the circumstances under which an alleged confession of

guilt by appellee and her daughter was obtained. Generally, the knowledge of the attorney is imputable to his client, and the client is not permitted to reap an advantage secured to him by the fraudulent act of his attorney, but this principle is not applicable in a case where the client acting honestly and in good faith upon information obtained from his attorney, institutes and prosecutes criminal proceedings against another. Counsel for appellee recognized this exception to the general rule in drafting the fourth instruction offered by them, wherein the burden was cast upon appellee to show that appellant knew of the duress, fear or fraud, if any, exercised by his attorney upon appellee and her daughter, in procuring the alleged confession.

The third instruction is technically inaccurate, but as the inaccuracy is evidently due to a clerical error, which will doubtless be corrected upon another trial, it is not necessary to notice it further.

The fourth instruction is not subject to the criticism that there is no evidence in the record to support it, but it is objectionable as singling out and giving undue prominence to certain facts and ignoring others. Calef v. Thomas, 81 Ill. 478.

The fifth instruction erroneously assumes that appellant procured the indictment to be returned and the prosecution to be instituted.

The sixth instruction is not erroneous for the reasons urged. While, as we have held, evidence tending to show the theft by appellee and her daughter of goods belonging to appellant other than those described in the indictments was competent for certain purposes, its relevancy was limited to those purposes, and any reference to such other goods in said instruction would have been out of place.

The seventh instruction was properly given.

The tenth instruction informed the jury, in substance, that in order to constitute probable cause the facts and circumstances must be such as to warrant an *impartial* and reasonably prudent and cautious man in

believing appellee guilty of the offense charged. This instruction, by the use of the word "impartial" requires as necessary to the consideration and determination by appellant of the facts and circumstances involved, an element for which there is no sanction in law or reason. Appellant was not required to approach the investigation and determination of the facts involved in a judicial or entirely impartial frame of mind. The true rule here applicable only required that appellant should have acted as a reasonable and prudent person would ordinarily act under the like circumstances. Spear v. Hiles, 67 Wis. 361; Clark v. Hill, 96 Ill. App. 383.

The eleventh instruction is not subject to the criticism that it did not specifically call the attention of the jury to evidence introduced by appellant in support of his reputation for truth and veracity. If the further contention of appellant that by referring to the impeachment of a witness or witnesses the attention of the jury was necessarily specially directed to appellant, who was the only witness sought to be directly impeached, and the instruction was, therefore, erroneous, is sound, no instruction could properly be given upon the subject, unless the evidence of all witnesses and parties to the controversy, was sought to be impeached by testimony tending to show that their reputation for truth and veracity was bad. The instruction complies with the rule that instructions upon the subject of the credibility of witnesses should be framed in general terms. N. Chicago St. R. R. Co. v. Wellner, 206 Ill. 272. As bearing upon a further criticism of said instruction, and a like criticism of the first, eleventh and fifteenth instructions, it may be said that it was held in Chicago City Ry. Co. v. Ryan, 225 Ill. 287, that in the absence of an instruction defining the meaning of the terms "successfully impeached," or "impeached," such instructions should not be given. We perceive no objection to the eighteenth instruction.

Objection is made to the modification by the court of certain instructions offered on behalf of appellant. The first instruction as offered infringed the province of the jury and was properly modified. The modification of the ninth instruction was improper wherein the court added matter to the instruction as offered. The modification by the court of the tenth instruction by inserting the word "alone" was proper.

The seventeenth instruction as offered submitted an immaterial issue to the jury and was properly modified by striking out the portion complained of.

It is urged that certain instructions offered by appellant were improperly refused by the court. The fifth instruction belongs to the class known as cautionary instructions, the giving or refusing of which rests in the sound discretion of the court. Donk Bros. Coal and Coke Co. v. Thil, 228 Ill. 233; Chicago Union Traction Co. v. Goulding, 228 Ill. 164. The eighth refused instruction is erroneous in so many particulars that time and space forbid a detailed review of it. It infringed the province of the jury and was argumentative and misleading. The instruction was properly refused.

The fact that appellant may have been telephoned to by some person in charge of the sheriff's office that he was required to appear before the grand jury did not wholly and conclusively determine that his appearance before the grand jury was not voluntary. The ninth refused instruction was, therefore, properly refused.

The tenth refused instruction insofar as it stated a correct rule of law was sufficiently covered by other instructions given to the jury.

For the errors indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*