## Isaac A. Buckingham et al., Appellees, v. Harriet E. Penney, Appellant.

Verdicts—*when not disturbed.* A verdict will not be set aside on review if substantial justice appears to have been done.

Assumpsit. Appeal from the Circuit Court of De Witt county; the Hon. W. G. Cochran, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed October 18, 1910.

L. O. Williams, for appellant.

Lemon & Lemon, for appellee; Buckingham & Gray, of counsel.

Mr. Presiding Justice Puterbaugh delivered the opinion of the court.

This is an action by appellees for the recovery of attorneys' fees for services claimed to have been rendered for appellant by them. Upon a trial by jury,

judgment was rendered in favor of the plaintiffs for $553.67, included in which is the sum of $5 costs paid by appellees for the use of appellant, about which there is no controversy.

The evidence discloses that in an action for malicious prosecution instituted by appellant against one Johnson, she recovered judgment for $2,500, from which the defendant prosecuted an appeal to this court. Penney v. Johnston, 142 Ill. App. 634. Upon the trial of the latter case in the Circuit Court, appellant was represented by appellees, who reside at Decatur, Messrs. Ingham and Fuller of Clinton, and Hon. J. C. McBride of Taylorville, all of whom were paid in full for such services. The evidence adduced by appellees tends to show that thereafter William Penney, the son of appellant, who represented her in that and other business transactions, employed appellees to prepare a brief and argument and argue the cause orally in her behalf in this court, for which services they were to receive the sum of $500, and further, that they performed such services in a manner satisfactory to appellant. Such evidence further shows that thereafter William Penney verbally and by several letters promised appellees to pay them said amount, and that he at no time ever claimed that the same was not due to them. Appellees also proved that the usual and customary fee charged for similar services in Macon county was at least the sum claimed by them.

The evidence introduced on behalf of appellant tended to show that an agreement was entered into between appellant and the other attorneys who had represented her in the Circuit Court, that they should jointly continue to do so in this court, and that they were to receive jointly for their services the sum of $500. It is therefore contended by her counsel that because of the failure to join such other attorneys as parties plaintiff, no recovery can be had in the present suit. Although the jury was not unwarranted in find-

ing the terms to have been as claimed by appellees, we do not think it necessary to determine the question. It is not controverted that appellees performed all necessary services in this court in a satisfactory manner and without any assistance whatever from the other attorneys in question. It does not appear and is not claimed that either of them ever tendered their services, nor that appellant was injured by or ever complained of their non-participation, nor that her interests were not as well cared for by appellees as though all had joined in presenting her case. The amount of the verdict was not only the usual and customary fees for such services, but was clearly reasonable.

While the rulings of the court upon several of the instructions were technically inaccurate, we are satisfied from the whole record that substantial justice has been done between the parties.

The judgment of the Circuit Court is therefore affirmed.

*Affirmed.*