Lecklieder v. Chicago City Ry. Co., 172 Ill. App. 557.

Mary E. Lecklieder, Plaintiff in Error, v. Chicago City Railway Co., Defendant in Error.

Gen. No. 16,887.

1. INSTRUCTIONS—*cautionary.* In an action by a woman for injuries received because of the alleged sudden starting of a street car, an instruction that it is the duty of the jury to consider the defendant corporation as though it were a living person, and to consider the evidence with the same fairness as if the contest were between two women, does not relate to the credibility of witnesses or to the weight of the evidence, but is a cautionary instruction which is largely in the court's discretion.

2. INSTRUCTIONS—*duty of jury.* The jury may be instructed that it is their duty to determine the facts from the evidence and to apply to such facts the law as stated in the instructions.

3. INSTRUCTIONS—*duty of jury.* It would seem that the jury may be told, where compensatory damages only are sought, that it is their duty to assess damages if they find for the plaintiff.

4. WORDS AND PHRASES—*appears.* The word "appears" as used in legal documents and among lawyers means manifest or proved, but as ordinarily used means seems, or probably true.

5. INSTRUCTIONS—*harmless error.* An obstruction that if it "appears" that the accident was due to certain want of care by the plaintiff no recovery can be had, though not approved will not reverse where other instructions state that recovery could be had if from the evidence the jury find that the accident occurred as alleged in the declaration, and it seems that the jury were not misled.

6. INSTRUCTIONS—*contributory negligence.* An instruction as to contributory negligence is proper in an action against a street railway company for injuries where there is evidence that, in running to get on a car in motion, the plaintiff caught her foot on a switch handle.

7. CONTRIBUTORY NEGLIGENCE—*when question for the jury.* Where, in an action against a street railway company, it appears that the plaintiff in running to board a car in motion, caught her foot on a switch handle, the question of contributory negligence is for the jury even upon the theory that contributory negligence assumes negligence by the defendant.

8. INSTRUCTIONS—*when not objectionable as singling out testimony of one witness.* An instruction, stating that no recovery can be had if in passing from the walk to a street car the plaintiff tripped over a switch handle and was not injured because of the sudden starting of a car, is not objectionable as singling out the

testimony of one witness where such matter was substantially the whole theory of the defense.

9. INSTRUCTIONS—*when error cannot be complained of.* Error in instructions cannot be complained of where the party complaining submitted instructions containing the same error.

10. INSTRUCTIONS—*when repetition will not reverse.* Repetition in instructions will not ordinarily reverse if correct statements of law are given therein.

11. INSTRUCTIONS—*when repetition should not reverse in absence of other error.* In an action against a street railway company for injuries, repetition of accurate "stock" instructions as to sympathy, the disabilities of the plaintiff, and that the defendant is not an insurer, should not reverse where there is no other error.

Error to the Superior Court of Cook county; the Hon. HOMER ABBOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed October 3, 1912. Rehearing denied October 21, 1912. *Certiorari* denied by Supreme Court (making opinion final).

FYFFE & ADCOCK and BRUNDAGE, WILKERSON & CASSELS, for plaintiff in error; EARL D. HOSTETTER, of counsel.

JAMES G. CONDON and WATSON J. FERRY, for defendant in error; LEONARD A. BUSBY, of counsel.

MR. JUSTICE FITCH delivered the opinion of the court.

Plaintiff in error brought suit in the Superior Court against the defendant in error for personal injuries, alleged to have been sustained while in the act of boarding one of defendant's street cars at the corner of Halsted street and Archer avenue, Chicago, on the evening of November 2, 1904. The suit was twice tried. In the first trial the verdict was for the plaintiff, and from the judgment thereon defendant appealed to the Appellate Court, where the judgment was reversed and the cause remanded. (142 Ill. App. 139.) Upon the second trial, the jury returned a verdict of "not guilty," and from the judgment entered upon that verdict, the plaintiff has prosecuted this writ or error.

The case was tried on a declaration containing two

counts. In one, the negligence averred is the alleged wrongful and sudden starting of a street car which the plaintiff was in the act of boarding, whereby she was thrown to the ground and injured. In the other, the negligence averred is that while the plaintiff was in the act of boarding the car, defendant wrongfully started the car suddenly, and the plaintiff's foot was caught, whereby she was thrown to the pavement and injured. The plaintiff, a woman aged fifty-eight, and her son, thirty-four years of age, gave evidence tending to prove the averments of the declaration. Their story is, that while they were standing in the street at the corner above mentioned, a street car came along Halsted street from the south and stopped with the front platform almost directly in front of them. At this place there was in the street an iron lever  or switch handle, encased in a small iron frame in the pavement. The switch is turned by raising one end of this lever. Plaintiff and her son testified that just as she put one foot on the step of the front platform, and while she was holding the "grab rail" with her left hand, the car started forward with a sudden jerk, and that plaintiff was swung around and her foot struck against the handle of the switch, throwing her to the pavement and causing a severe injury. Defendant's evidence tended to prove that plaintiff and her son were standing on the sidewalk until the street car, having stopped at the place indicated had discharged its passengers and had moved on, when plaintiff ran towards the front platform but, before reaching it, she stumbled over the switch handle, which was being held up by the conductor, and was thereby thrown to the pavement and injured.

It is first urged that the verdict is not justified by the evidence. Two theories of fact were presented by the evidence, as above stated, neither of which is unreasonable nor improbable. We have examined the abstract and briefs of counsel and given them patient

consideration, and without entering upon a discussion of the evidence, it will be sufficient to say that we do not think the court erred in overruling the motion for a new trial. The only other errors assigned are in the giving of instructions for the defendant. The court gave five instructions for the plaintiff and nineteen for the defendant. All but two of the latter are objected to, and several in particular are criticised at some length. By the seventh instruction the court told the jury that it was their "duty" to consider the defendant in all matters pertaining to the trial as though it were a living person instead of a street railway corporation, and that it was their "duty to hear and consider the evidence with the same fairness and impartiality, and arrive at the same verdict," as if the contest were between two women. The use of the words "it is your duty" in this instruction is objected to, and the case of I. C. R. R. Co. v. Burke, 112 Ill. App. 415, is cited as an authority for the proposition that instructions regarding the credibility of witnesses and the weight of evidence "should never be peremptory or mandatory in form." The reason given by the court in that case is as follows: "Any instruction tending to hamper a jury in the free exercise of its own judgment as to the credibility of witnesses or the weight of evidence is error; not in all cases sufficient to warrant a reversal, but always error." The instruction in question does not relate to the credibility of witnesses, nor to the weight of the evidence in the ordinary sense, and does not in any degree tend to hamper the jury in the exercise of its judgment upon either of such questions. It properly falls within the class known as cautionary instructions, the giving or refusal of which is very largely in the discretion of the court. C. U. T. Co. v. Goulding, 228 Ill. 164; Donk Bros. v. Thil, 228 Ill. 233, 244. Moreover, it has been held that it is not error to tell the jury, in some cases, that it is their duty to do what the law clearly requires them to

do.  For example, a jury may be told, in an action in which compensatory damages only are sought, that if they find for the plaintiff, it is their duty to assess damages.  Consolidated Coal Co. v. Haenni, 146 Ill. 614; City of Salem v. Webster, 192 Ill. 369, 374.  The jury may also be told that it is their duty ''to find and determine the facts from the evidence, and having done so, then to apply to such facts the law as stated in these instructions.''  N. C. St. R. Co. v. Wellner, 206 Ill. 272, 274; C. & E. I. R. R. Co. v. Burridge, 211 Ill. 9; and that in determining upon which side the preponderance of evidence is, ''the jury should'' (or must) ''take into consideration the opportunities of the several witnesses for seeing or knowing the things about which they testify,'' etc.  C. U. T. Co. v. Yarus, 221 Ill. 641.

The ninth instruction consists of two sentences, the first of which is approved in Goss Printing Co. v. Lempke, 191 Ill. 199, and Devaney v. Otis Elevator Co., 251 Ill. 28, and the last of which sentences is approved, in substance, in Ottawa Gas L. & C. Co. v. Graham, 28 Ill. 73, and N. C. St. R. Co. v. Fitzgibbons, 79 Ill. App. 632.

The sixteenth instruction is as follows:  ''If it appears from the evidence that the plaintiff attempted to board the car in question while it was in motion, and that her fall and injury were due to that fact, and that such conduct on her part was a want of ordinary care for her own personal safety, then you are instructed that she cannot recover in this case, and the verdict should be not guilty.''  Two objections are urged against this instruction; first, that the words ''if it appears'' are misleading and do not necessarily have the same meaning as the words ''if the jury believe'' or ''if the jury find;'' second, that there was no evidence that the plaintiff was injured by reason of her attempting to board a moving car.  As to the latter objection, there was evidence introduced

by the defendant, tending to prove that the plaintiff was injured by tripping over the switch handle while she was running towards the front platform and making an effort ''to grab the rear handle of the front end of the platform,'' and we think this evidence was sufficient to entitle the defendant to an instruction of this character. The other objection is a more serious one. The word ''appears'' is commonly used in two senses. In one sense, it has the same meaning as manifest, obvious or proved; but in another sense it means only *seems,* or *probably true.* In legal documents, such as decrees, orders of court, etc., and among lawyers, it is common to use the word as having the first of these meanings, such as in the phrase ''it appears to the court;'' but to the layman the expression ''it appears to me'' ordinarily carries no other significance than ''it seems to me,'' in the sense that it is probable or likely. By other instructions, however, the jury were told in substance that the case must be decided by the jury on the evidence, under the instructions of the court; that if they believed from the evidence that the plaintiff was injured in the manner and from the causes (stating them) alleged in her declaration, they should find the defendant guilty; and that they had the right, upon a consideration of all the evidence, to say where the truth lies upon any material fact. While, therefore, we do not approve the form of the sixteenth instruction in the respect noted, we do not think the jury were misled by it in this case.

Two instructions were given on the theory of contributory negligence. The fifteenth instruction is, in substance, the same as that approved in Flynn v. C. C. Ry. Co., 250 Ill. 460, 468, and the twenty-second is an instruction defining the term ''contributory negligence.'' It is not claimed that either is incorrect, but it is urged that the case was not tried on the theory of contributory negligence; that contributory negligence

assumes negligence on the part of the defendant, and that at no time during the trial did the defendant admit, or fail to deny, negligence on its part. Wherefore, it is said, it was not entitled to an instruction on the theory of *contributory* negligence. We think the objection is extremely technical. "The law of contributory negligence forbids a recovery by one who, by his own fault, brings an injury upon himself." So. Chicago City Railway Co. v. Adamson, 69 Ill. App. 110, 113. In any event, the instruction was proper to be given for the reason that there was evidence from which the jury might have inferred that the plaintiff tried to get on the car after it had started, and in doing so, caught her foot on the switch handle. If such were the facts, it was a proper question for the jury to decide whether the plaintiff was guilty of contributory negligence, even under the theory mentioned in the objection.

The twenty-first instruction told the jury that if they believed from the evidence, that while passing from the sidewalk to the car, plaintiff tripped over the switch handle and was thereby injured, and that she was not injured by reason of the car being started, then they should find the defendant not guilty. It is urged that this instruction singles out and gives undue prominence to the evidence or testimony of a single witness. We think the objection is not well taken. It was substantially the whole theory of the defense, and it is familiar law that either party has the right to submit instructions upon his theory of the case, if it has a basis in the evidence upon which to rest. C. U. T. Co. v. Browdy, 206 Ill. 615, 623. The plaintiff gave two instructions containing the same error, if it be an error, and therefore, cannot complain.

Finally, it is urged that there was an undue repetition of instructions regarding sympathy and disabilities of the plaintiff; instructions telling the jury that defendant was not an insurer, and instructions as

to the care required of the plaintiff. While the practice of repetition has been frequently disapproved, yet if the instructions given are correct statements of the law, repetition will not ordinarily be ground for reversal. Gould v. Mag. Metal Co., 207 Ill. 172. The instructions so complained of were what have come to be known as "stock" instructions. No question is raised as to their accuracy, and we do not think that in this case, in the absence of other error, the case should be reversed for this reason alone. Objections to some of the other instructions have also been urged, but we find no reversible error in them.

The judgment of the Superior Court will be affirmed.
*Affirmed.*