[Criminal No. 62.    Filed September 3, 1890.]

## TERRITORY OF ARIZONA, Plaintiff and Respondent, v. RAMON FLORES, Defendant and Appellant.

1. APPEAL AND ERROR—CONFLICT IN EVIDENCE.—Where there is a conflict in the evidence the appellate court will defer to the conclusion reached by the court below.

2. SAME—TRANSCRIPT OF THE EVIDENCE—BILL OF EXCEPTIONS—STATEMENT OF FACTS—REV. STATS. ARIZ. 1887, PARS. 1739, 1740, 1744, PENAL CODE, CITED.—A transcript of the reporter's shorthand

notes filed and approved by the judge fifty-five days after the motion for new trial was overruled cannot be taken either as a bill of exceptions, it not having been presented to the judge for his allowance and signature within ten days after the conclusion of the trial, par. 1739, *supra,* no order for an extension of time appearing of record, par. 1744, *supra,* and it not having been presented to the district attorney as provided by par. 1740, *supra;* or as a statement of facts, the provisions of the law for making up a statement of facts being similar.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Maricopa. Affirmed.

The facts are stated in the opinion.

P. S. Perley, and Henry Steegletz, for Appellant.

Clark Churchill, Attorney-General, and Frank Cox, District Attorney, for Respondent.

PER CURIAM.—The defendant-appellant was found guilty of grand larceny and judgment passed accordingly.

A motion for a new trial was made and grounds alleged as follows: ''Because the verdict is contrary to the law and the evidence. Because the court misdirected the jury as to the law.'' The motion was overruled.

The first objection raises the familiar proposition of law that where there is a conflict in the evidence the appellate court will defer to the conclusion reached by the court below, for the reason that the court below saw the witnesses face to face, took notice of their appearance and demeanor on the stand, and was in better position to weigh the evidence and judge of the credibility of the witnesses than the appellate court, which only knows of the evidence by the cold type.

While the action of the defendant-appellant, taking his own statement as true, was not the conduct and action of a shrewd and cautious criminal, the most casual observer has noticed that the conduct of criminals is often marked by an apparent, if not a real, recklessness wholly abnormal. A criminal is in a certain sense and to a certain degree abnormal, and it is not strange that his conduct should

be like himself. In this case the defendant's action, upon his own statement, was bold and reckless on the theory of his guilt. But we are not without observation where criminals have been equally reckless. But we do not deem it the province of this court in a case of this character to examine and pass upon the weight of the evidence. We have examined it enough to see that there was evidence sufficient to make it the duty of this court to acquiesce in the conclusion of the jury as to the facts in the court below.

The objection to the instruction of the court presents a fine discussion on the meaning of the word "inconsistent." In the light of the evidence, and of the entire case, we do not think it at all probable that the jury were influenced adversely by the instruction, even if the view taken by his counsel of the meaning of the word should be accepted as the correct view. The argument on this point is very ingenious, but we do not think it necessary to enter into that discussion. We think the instructions as a whole presented fairly the law of the case to the jury.

We have thus far considered the case on its merits, and have taken no notice of the defects in the record that are fatal to the appeal under the decisions of this and other courts with statutes similar to ours. We will now call attention to some of these defects, that the bar may become familiar with and observe what are held to be the essential requirements of the law.

There appears in the transcript—not in the record—a paper entitled of the court and cause and beginning with these words, viz.: "Transcript of shorthand notes of the testimony, etc., taken upon the trial of the above-entitled cause, at . . ." etc. Then follows what purports to be testimony of witnesses in the case. This paper has filing-mark January 10, 1889, probably intended for January 10, 1890. At the bottom of this paper are these words: "Approved this 15th January, 1890," and signed by the judge. The judgment was rendered on the sixteenth day of November, 1889. Motion for a new trial was made and overruled same day. This "approval" of this paper was then about fifty-five days after motion for new trial was overruled. To be available, this paper must be either a bill of exceptions or a statement of facts. If a bill

of exceptions it should have been presented to the judge for his allowance and signature within ten days after the conclusion of the trial unless further time was granted. (Rev. Stats. Ariz., 1887, par. 1739, Pen. Code.) The statute provides (Rev. Stats. Ariz. 1887, par. 1744, Pen. Code): "The court or judge thereof may by order extend the time for making up, signing, approving, or filing any bill of exceptions in a criminal action." There is no order extending the time, and nothing to show any presentation within the ten days. Are we to infer, or should the record show, a compliance with the law? Our inference might be a mistake. The record should, in our opinion, show that the requirements of the statute have been complied with. If a mere "approval" of a paper purporting to be testimony of witnesses fifty-five days after the conclusion of the trial is sufficient, of what use is the statute? Why provide by statute that a thing must be done in fifty-five days? Why provide that, if more than ten days is thought necessary that the court or judge may extend the time by an order, if the time may be extended indefinitely without an order? We think the bill must be presented within ten days, and not afterwards, unless the time has been extended, and this extension must be by order. Any other construction would change the language, and, as we think, the meaning of the statute. We conclude this paper is not a bill of exceptions. If this paper was intended as a bill of exceptions, and presented to the judge as such, it should have been presented by the judge to the district attorney (Rev. Stats. Ariz. 1887, par. 1740, Pen. Code).

Is this paper a statement of facts? The provisions of the law for making up a statement of facts are very similar to the provisions for a bill of exceptions. We deem it unnecessary to repeat the provisions. Time is to be extended by order of the court or judge, as in the case of a bill of exceptions. No order is here. If the paper is to be considered as a statement of facts, it should state that it contains all the facts admitted and the facts admitted to have been proven and the evidence of the facts disputed. No such statement is contained therein. We conclude this is not good as a statement of facts.

Without a bill of exceptions, and without **a statement of**

facts, upon what basis could we predicate error in the instructions—even if there should appear to be error therein? But we do not think that error does appear, even if the paper should be considered.

The judgment is affirmed.