STATE, RESPONDENT, *v.* COOK, APPELLANT.

(No. 2,906.)

(Submitted November 19, 1910.   Decided December 6, 1910.)

[112 Pac. 537.]

Criminal Law—Instructions—Bill of Exceptions—Necessity.
  1.  Revised Codes, section 9271, paragraph 4, prohibiting reversal by the supreme court for error in instructions where such error was not specifically pointed out and excepted to at the settlement of the instructions and the error and exception incorporated and settled in a bill of exceptions, is mandatory, so that error in instructions cannot be considered on appeal in a criminal case where the record does not contain a bill of exceptions.

*Appeal from District Court, Fergus County; E. K. Cheadle, Judge.*

JOHN R. COOK was convicted of conducting a game of chance in a saloon, and appeals from the judgment.   Affirmed.

Cause submitted on briefs of counsel.

*Mr. Albert J. Galen,* Attorney General, and *Mr. J. A. Poore,* for the State.

*Messrs. Ayers & Marshall,* for Appellant.

MR. JUSTICE SMITH delivered the opinion of the court.

The county attorney of Fergus county filed an information against the defendant charging that he "did wrongfully, willfully, unlawfully, and knowingly play, conduct, and cause to be conducted, open, and cause to be opened, operate and run as principal and agent, and knowingly permit in and about a certain saloon in the town of Kendall, of which said saloon he was then and there part owner and in charge, the same being a place where drinks were sold and served, a certain game of solo, the same being a game of chance played with cards and which was then and there played for money, checks, credits and representatives of value." The defendant was convicted by a jury and sentenced by the court to pay a fine. He appeals from the judgment.

No claim is made that the information does not state a public offense, and the only contention of counsel is that the court erred in giving three certain instructions to the jury. Paragraph 4 of section 9271, Revised Codes, under the head of "Criminal Procedure," provides, in part, as follows: " * * * The court stenographer shall be present at such settlement and shall take down all the objections and exceptions of the respective counsel to all or any of the instructions given or refused by the court together with the modifications made therein, and the ruling of the court thereon, and at the close of the trial such objections and exceptions taken during the settlement, together with the ruling of the court thereon, must be written out at length or printed in type by the stenographer and filed with the clerk forthwith, and thereafter such exceptions may be settled in a bill of exceptions as provided in section 9340 of the Penal Code of Montana, or an Act of the Eighth Legislative Assembly of the State of Montana entitled 'An Act to Provide for the Settlement of Bills of Exception taken before or after Trial in Criminal Cases and to Provide for the Review by the Supreme Court on Appeal of Proceedings, Evidence and Matters Contained in Such Bills of Exceptions,' approved February 26, 1903 [Laws 1903, Chap. 34]. No motion for a new trial on the ground of errors in

the instructions given shall be granted by the district court unless the error, so assigned was specifically pointed out and excepted to at the settlement of the instructions, as herein provided; and no cause shall be reversed by the supreme court for any error in instructions which was not specifically pointed out and excepted to at the settlement of the instructions herein specified, and such error, and exception incorporated in and settled in the bill of exceptions as herein provided.''

This statute is mandatory. It declares that no criminal cause shall be reversed by the supreme court for any error in instructions which was not incorporated and settled in a bill of exceptions. The record of this case contains no bill of exceptions, and we are therefore powerless to consider the assignments of error. Section 6746, Revised Codes, relating to civil procedure, is substantially the same as section 9271, *supra*. The two statutes were passed at the same session. That section was construed by this court in *Robinson* v. *Helena Light & Ry. Co.*, 38 Mont. 222, 99 Pac. 837, and it was there held that by its express provisions the instructions may not be reviewed without a bill of exceptions specifically pointing out the particular objection made at the time of the settlement of the instructions. The statute is binding upon this court. (*Yergy* v. *Helena Light & Ry. Co.*, 39 Mont. 213, 102 Pac. 310.)

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.