STATE, RESPONDENT, *v.* THOMAS, APPELLANT.

(No. 3,229.)

(Submitted December 9, 1912. Decided December 12, 1912.)

[128 Pac. 588.]

*Criminal Law — Grand Larceny — Evidence—Insufficiency— Instructions—Errors—Record—Review.*

Instructions—Errors—Record—Review.
> 1. Under section 9271, Revised Codes, mandatory in character, specifications of error relating to instructions cannot be considered on appeal unless the record shows that the alleged errors were specifically pointed out at the settlement of the instructions, and the exceptions incorporated in a bill of exceptions settled as provided by law.

Grand Larceny—Evidence—Insufficiency—Prosecution—Wrong Theory—Remand.
> 2. Where the evidence in a prosecution for grand larceny is conceded by the attorney general to be insufficient to sustain a conviction, and the contention is advanced that the information was filed under a wrong section of the Codes, the cause will be remanded for a new trial, to enable the state to present its case fully and fairly.

*Appeal from District Court, Sanders County; R. Lee McCullough, Judge.*

A. C. THOMAS, convicted of the crime of grand larceny, appealed from the judgment and an order denying him a new trial. Reversed and remanded.

Cause submitted on briefs of counsel.

*Mr. James M. Self,* and *Mr. Harry H. Parsons,* for Appellant.

*Mr. Albert J. Galen,* Attorney General, and *W. S. Towner,* Assistant Attorney General, for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The defendant was convicted of the crime of grand larceny under subdivision 2 of section 8642, Revised Codes, and appealed from the judgment and from an order denying him a new trial.

1. Some of the specifications of error in the brief of appellant relate to erroneous and contradictory instructions given to the jury, but appellant cannot be heard upon these contentions, for there are not any objections or exceptions to the instructions to [1] be found in the record. Section 9271, Revised Codes, forbids this court reversing a judgment for errors in instructions unless such errors are specifically pointed out at the time the instructions are settled and the exceptions presented to this court in a bill of exceptions settled as provided by law. The statute is mandatory, and in the absence of such exceptions this court cannot consider errors predicated upon the instructions, however erroneous or prejudicial they may be. (*State* v. *Cook,* 42 Mont. 329, 112 Pac. 537.)

2. Counsel for appellant insist that the evidence is insufficient to sustain the verdict or judgment, and the attorney general concedes that this position is well taken. He suggests that the prosecution was conducted under the wrong section of the Code, but this suggestion, however, cannot be considered upon this appeal. Treating the evidence in the record in the light most favorable to the state, it fails to show that defendant is guilty of the crime charged. It would seem that the controversy between the prosecuting witness and this defendant is one for adjustment in a civil suit. The criminal court is not the proper forum for settling disputed questions relating to the title to property, and it ought not to be converted into an agency for the collection of debts. However, if the defects in the record [2] as now presented arise from an erroneous theory adopted by the prosecution, the state should have an opportunity to present its case—if any it has—fully and fairly, and to that end

we shall not go further than to remand the cause for a new trial or for such other proceedings as the state may take, not inconsistent with the views herein expressed.

The judgment and order are reversed and the cause is remanded· for further proceedings.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.