## HAWLEY, Respondent, *v.* RICHARDSON, Appellant.

### (No. 4,336.)

(Submitted April 13, 1921.   Decided May 23, 1921.)

[198 Pac. 450.]

*Malicious Prosecution—Complaint—Sufficiency—Primary and Secondary Evidence—Order of Proof—Instructions—Law of Case—Elements of Damages—What too Remote.*

Malicious Prosecution—Complaint—Sufficiency.

1.   Complaint in an action for malicious prosecution examined and *held* sufficient to state a cause of action.

Pleading and Practice—Admissions Need not be Proved.

2.   Facts admitted by the answer need not be proved.

Malicious Prosecution—Warrant of Arrest—Best Evidence—Parol Evidence—Harmless Error.

3.   In the absence of proof of the loss or destruction of the warrant on which plaintiff, in an action for malicious prosecution, was arrested and brought into court, parol evidence of its contents or of the contents of the indorsement thereon was erroneously admitted; error, however, *held* to have been cured by subsequent proof of loss of the warrant.

Trial—Order of Proof—Discretion.

4.   The order of proof is a matter largely confided to the discretion of the trial court.

Malicious Prosecution—Evidence of Plaintiff's Discharge—When Parol Evidence Admissible.

5.   The best evidence of plaintiff's discharge after preliminary examination on a charge of grand larceny was the indorsement on the warrant on which he was arrested, and not the entries on the magistrate's docket; but, upon proof of the loss of the warrant, parol evidence was admissible to prove the fact of his discharge.

Same—Proof of Filing Complaint—Presumptions.

6.   Plaintiff in an action for malicious prosecution was not required to prove that the complaint against him was actually filed, where defendant admitted that he subscribed and swore to it, in view of the presumption (sec. 7962, subd. 15, Rev. Codes) arising, upon proof that a warrant was issued and proceedings had under it, that official duty was regularly performed and that the complaint was duly filed.

Same—Parol Evidence of Entries in Justice's Docket, When Admissible.

7.   Where the entries in a justice's docket in the matter of plaintiff's arraignment on a charge of grand larceny were incomplete and unintelligible, parol testimony was admissible to show that a preliminary examination was had.

[60 Mont. 118.]

**Same—Probable Cause—Nonprofessional Advice not Admissible in Evidence.**

8. In an action for malicious prosecution, evidence that defendant in instituting the prosecution acted upon the advice of nonprofessional persons is inadmissible to show probable cause.

**Same—Probable Cause—Proper Instruction.**

9. An instruction that to constitute probable cause justifying the institution of a criminal prosecution, it is only necessary that there should be evidence which reasonably warrants a belief in the guilt of the accused and that it need not be sufficient to insure a conviction, properly stated the law.

**Same—Malice—Want of Probable Cause—Proper Refusal of Instruction.**

10. Refusal of a requested instruction that the discharge of plaintiff, in an action for malicious prosecution, by a justice of the peace after a preliminary examination, was not any evidence whatsoever of malice on the part of defendant or of want of probable cause, from which malice may be implied, was proper.

**Trial—Instructions—Repetition.**

11. Refusal of a requested instruction fully covered by instructions given is not error.

**Malicious Prosecution—Probable Cause—Improper Instruction.**

12. An instruction requested by defendant that, in determining whether there was probable cause for instituting the criminal proceedings, the jury might make some allowance for the fact that defendant felt himself injured by the offense which he alleged plaintiff had committed, and under the circumstances could not be held as likely to draw his conclusions with the impartiality of a disinterested person, *held* improper as, in effect, commenting on the evidence.

**Same.**

13. An instruction that probable cause is a reasonable ground, or a suspicion supported by circumstances sufficiently strong in themselves to warrant an ordinarily prudent and cautious man acting impartially and honestly in believing a crime has probably been committed, was improper, as requiring the party making a criminal complaint to act with entire impartiality, and as not taking into account the circumstances surrounding him at the time.

**Same—Instruction not Objected to—Law of Case.**

14. An erroneous instruction, given without objection, became the law of the case, the supreme court on appeal being precluded by section 9271, Revised Codes, from reversing a judgment for error in instructions not specifically pointed out and excepted to at the settlement of the instructions.

**Same—Conflict in Instructions—Proper Refusal.**

15. Where defendant did not object to an erroneous instruction which thereupon became the law of the case, refusal to give an instruction which might properly have been given, but, if given, would have been essentially conflicting with the first, he was in no position to complain.

---

8. Magistrate's or layman's advice as defense to action for malicious prosecution, see notes in 16 Ann. Cas. 718; Ann. Cas. 1918A, 498; 12 A. L. R. 1230.

10. Discharge by magistrate as evidence of want of probable cause for criminal prosecution, see notes in 3 Ann. Cas. 112; 7 Ann. Cas. 859.

**Same—Commission of Crime—Improper Instruction.**

16. An instruction offered by defendant stating, among other things, that "the policy of the law is to favor prosecutions for crime" was properly refused, as calculated to lead the jury to infer that, in the opinion of the court, plaintiff was guilty of the crime with which he had been charged by defendant.

**Same—Definition of Crime Charged Against Plaintiff—Proper Instruction.**

17. An instruction defining grand larceny in the language of the statute was properly given, as furnishing a standard by which the jury might determine whether the facts and circumstances were such as to warrant defendant in an action for malicious prosecution, in believing that plaintiff was guilty of that crime.

**Same—Evidence—Sufficiency.**

18. Evidence examined and *held* sufficient to take the case (an action for malicious prosecution) to the jury and to justify the court's refusal of a new trial.

**Same—Improper Element of Damage—Instructions.**

19. Money paid by plaintiff to an attorney in opposition to extradition proceedings which, after a preliminary hearing, he abandoned and returned to Montana voluntarily, was too remote an element of damages, and an instruction that the jury might take this item of expense into consideration in arriving at their verdict was error.

*Appeals from District Court, Richland County; C. C. Hurley, Judge.*

ACTION by G. B. Hawley against H. N. Richardson. From a judgment for plaintiff, and from an order denying his motion for new trial, defendant appeals. Order denying new trial affirmed and cause remanded, with instructions to modify the judgment, and, as modified, judgment affirmed.

*Mr. John A. Bird, Mr. H. J. Haskell, Mr. Park Smith* and *Mr. Henry C. Smith,* for Appellant, submitted a brief; *Mr. Henry C. Smith* argued the cause orally.

The court would not allow the county attorney to testify as to whether attorney Brattin had authority to draw the complaint and was acting as deputy county attorney after the complaint had been admitted. This was an important restriction of Richardson's rights; for the fact that a prosecutor acted in good faith, upon the advice of the county attorney, after a full statement of the facts, is always a defense to this action. In support of which statement we submit the following authorities: 26 Cyc. 31; *Widmeyer* v. *Felton,* 95 Fed. 926; *Sandell* v.

*Sherman,* 107 Cal. 391, 40 Pac. 493; *Struby* v. *Kyes,* 9 Colo. App. 190, 48 Pac. 663; *Martin* v. *Corscadden,* 34 Mont. 308, 86 Pac. 33. And counsel for the state, such as the county attorney, are the proper and usual persons to go to for advice. (26 Cyc. 33.) When it is shown that the prosecutor acted on the advice of the acting county attorney, the action cannot be sustained. (*Russel* v. *Deer,* 7 Ill. App. 181.)

The defendant attempted to show that he had recited the facts to his wife and the cashier of his bank and sought their advice. The testimony intended to be brought out was for the purpose of showing that Richardson acted as a reasonably prudent man would do under the facts and circumstances. He realized that he was an interested party and he sought the judgment of disinterested persons. It was sought to show that their advice accorded with his later acts. It is only necessary that the prosecutor act as a reasonably prudent man. (26 Cyc. 28.) "Representations of others that plaintiff was guilty of the offense charged, together with plaintiff's conduct in secreting himself, justified the prosecution." (*Mosley* v. *Yearwood,* 48 La. Ann. 334, 19 South. 274.)

It was reversible error to refuse defendant's instruction No. 3, wherein the court was requested to instruct the jury that the discharge of Hawley, by the justice of the peace, was not any evidence of malice or want of probable cause from which malice could be implied. This question was decided in the case of *Yocum* v. *Polly,* 1 B. Mon. (Ky.) 358, 36 Am. Dec. 583. (See, also, *Purcell* v. *Macnamara,* 9 East, 361, 103 Eng. Reprint, 610, and *Goldstein* v. *Foulkes,* 19 R. I. 291, 36 Atl. 9.)

There are numerous authorities to justify defendant's instruction No. 12, to-wit: "The public interest and the proper administration of justice in criminal matters require that such actions * * * for malicious prosecution and false imprisonment should not be maintained without clear proof of malice and the absence of probable cause." (*Maloney* v. *Doane,* 15 La. 278, 35 Am. Dec. 204; *Russell* v. *Chamberlain,* 12 Idaho, 299,

9 Ann. Cas. 1173, 85 Pac. 926; *Dwain* v. *Descalso*, 66 Cal. 415, 5 Pac. 903.) "Actions of this character are not favored by the courts." (*Henderson* v. *Francis*, 75 Ga. 178; *Taylor* v. *Baltimore etc. Ry. Co.*, 18 Ind. App. 692, 48 N. E. 1044; *Paddock* v. *Watts*, 116 Ind. 146, 9 Am. St. Rep. 832, 18 N. E. 518; *Seegar* v. *Pfeifer*, 35 Ind. 13; *Adams* v. *Lisher*, 3 Blackf. (Ind.) 241, 25 Am. Dec. 102; *Ross* v. *Kerr*, 30 Idaho, 492, 167 Pac. 654.) "To treat the individual upon whose oath the warrant issued for the arrest of another as a criminal, as warranting the success of the prosecution, at the risk of his fortune, would have a direct tendency to discourage the prosecution of offenders against the laws, and to insure the immunity of crime." (*Laville* v. *Biguenaud*, 15 La. Ann. 605; *Girot* v. *Graham*, 41 La. Ann. 511, 6 South. 815.)

It was reversible error for the court to give Instruction 4–A. It gave the jury the statutory definition of larceny; it could only have confused them at best. But aside from that, it was not necessary that Hawley should actually have been guilty of larceny. It was only necessary that there should have been reasonable warrant for believing in his guilt. (*Widmeyer* v. *Felton*, 95 Fed. 926; *Richey* v. *McBean*, 17 Ill. 63; *Foshay* v. *Ferguson*, 2 Denio (N. Y.), 617, 619; *Grant* v. *Deuil*, 38 Am. Dec. 228; *Smith* v. *McDonald*, 3 Esp. 7; *Long* v. *Rogers*, 19 Ala. 321; 2 Starkie on Evidence, 916.)

*Mr. L. P. Leiper*, for Respondent, submitted a brief; *Mr. Sydney Sanner*, of Counsel, argued the cause orally.

"A prosecution brought to aid in the collection of a debt or to obtain possession of property, and not to vindicate justice, is malice." (*Johnson* v. *Ebberts*, 11 Fed. 129, 6 Sawy. 538; *Wills* v. *Noyes*, 12 Pick. 324; *Ross* v. *Langworthy*, 13 Neb. 492, 14 N. W. 515; *Krug* v. *Ward*, 77 Ill. 603; *Kelley* v. *Sage*, 12 Kan. 109; *Shannon* v. *Jones*, 76 Tex. 141, 13 S. W. 477; *Alexander* v. *Harrison*, 38 Mo. 258, 90 Am. Dec. 431; 26 Cyc. 47.) Want of probable cause cannot be inferred from malice, but

malice may be implied or inferred as a fact from want of probable cause. (*Heap* v. *Parish,* 104 Ind. 36, 3 N. E. 549; *Merrion* v. *Mitchell,* 13 Me. 439, 29 Am. Dec. 514; 26 Cyc. 22; *Murphy* v. *Hobbs,* 7 Colo. 541, 49 Am. Rep. 366, 5 Pac. 119; *Ross* v. *Innis,* 35 Ill. 487, 85 Am. Dec. 373; *Turner* v. *Walker,* 3 Gill & J. (Md.) 377, 22 Am. Dec. 329; *Davis* v. *McMillan,* 142 Mich. 391, 13 Am. St. Rep. 585, 7 Ann. Cas. 854, 3 L. R. A. (n. s.) 928, 105 N. W. 862; *Eickoff* v. *Fidelity etc. Co.,* 74 Minn. 139, 76 N. W. 1030.)

The respondent had the same right to counsel at that hearing before the governor of Minnesota as he had at the preliminary hearing held before Justice Smith. It follows that the counsel fees paid to the Minneapolis attorneys having been shown to be reasonable, was a proper element of damage. (18 R. C. L., sec. 54.)

When the evidence bearing upon the question of probable cause is conflicting, it is the province of the jury to determine which of the witnesses speaks the truth. (*Grorud* v. *Lossl,* 48 Mont. 274, 136 Pac. 1064; *Ross* v. *Hixon,* 46 Kan. 550, 26 Am. St. Rep. 141, 12 L. R. A. 760, 26 Pac. 955; *Casebeer* v. *Rice,* 18 Neb. 203, 24 N. W. 693; *Simmons* v. *Gardner,* 46 Wash. 282, L. R. A. 1915D, 16, 89 Pac. 887; *Wuest* v. *American Tobacco Co.,* 10 S. D. 394, 73 N. W. 903; *Heap* v. *Parish,* 104 Ind. 36, 3 N. E. 549; *Matson* v. *Michel,* 81 Kan. 360, L. R. A. 1915D, 1, 105 Pac. 537; *Stoecker* v. *Nathanson* (Neb.), 70 L. R. A. 667.)

Under the charge made, the plaintiff could have maintained an action for libel. The charge made was libelous *per se.* The action for malicious prosecution is a bar to an action for libel or slander by reason of the making of this charge. (Cooley on Torts, 193; 3 Sutherland on Damages, 699; *Sheldon* v. *Carpenter,* 4 N. Y. 579, 55 Am. Dec. 303.)

"In malicious prosecution for larceny the court may instruct the jury that plaintiff, if entitled to recover at all, can recover such actual damage as naturally and proximately follow the

arrest, as physical suffering and wounded pride." (*Lunsford
v. Dietrich*, 86 Ala. 250, 11 Am. St. Rep. 37, 5 South. 461;
8 R. C. L., secs. 84, 103; 8 Ency. of Evidence, 427.)

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

This action was brought to recover damages for malicious
prosecution. Plaintiff prevailed in the lower court, and de-
fendant appealed from the judgment, and from an order deny·
ing his motion for a new trial.

It is alleged in the complaint that on the twenty-eighth day
[1] of May, 1915, defendant herein appeared before John H.
Smith, a justice of the peace at Sidney, Montana, and
maliciously and without probable cause made, subscribed and
verified a complaint charging this plaintiff with grand larceny
in stealing a certain Buick automobile; that a warrant was duly
issued upon the complaint; that plaintiff was arrested in
Minneapolis, and returned to Sidney; that he was arraigned
before the justice of the peace, and given a preliminary exam-
ination; that, upon such hearing, evidence was introduced;
that defendant appeared as a witness, and testified against the
plaintiff; and that, at the conclusion of the hearing, plaintiff
was discharged, and the criminal proceeding finally terminated.
Then follow appropriate allegations of plaintiff's damages, with
a prayer for judgment. To this complaint defendant inter-
posed a demurrer, which was overruled, and then answered,
denying that he acted maliciously or without probable cause,
and that plaintiff was damaged in any amount whatever. As
an affirmative defense he alleged that on May 26 he signed and
verified a complaint before John H. Smith, the justice of the
peace, charging plaintiff with grand larceny; that he first made
a full and complete presentation of the facts to an attorney at
law; that he was advised that probable cause existed for be-
lieving plaintiff guilty, and that he acted in good faith upon
the advice of counsel; that thereafter, on May 28, the first

complaint was dismissed upon motion of the county attorney, and he then signed and verified the complaint involved in this action at the request and upon the direction of the county attorney after a full and fair statement of the facts had been made. All of the affirmative allegations were denied by the reply.

The complaint sets forth all the facts necessary to state a cause of action (*Stephens* v. *Conley,* 48 Mont. 352, Ann. Cas. 1915D, 958, 138 Pac. 189), and is not open to the criticism that causes of action are improperly united.

Complaint is made of the rulings of the trial court in admitting evidence of the proceedings had before the justice of [2] the peace. It was not necessary for plaintiff to prove the institution of the criminal proceeding, or that defendant was the responsible agency for it. These two facts are admitted sufficiently by the answer. The docket entries made by the justice of the peace were introduced in evidence, but they are so meager and were kept after such fashion that they do not prove anything whatever. Without further preliminary proof, and [3] over objection, plaintiff then offered oral testimony that a warrant was issued and served; that plaintiff was arrested and brought into court; that he was given a preliminary examination at which witnesses, including defendant herein, were examined, and that plaintiff was discharged. The warrant itself was the best evidence that it was issued and the sheriff's return the best evidence of the action taken under it. In the absence of proof of the loss or destruction of the warrant, parol evidence of its contents, or of the contents of the indorsement on it, was inadmissible and the court erred in its rulings, but later, during the trial, the necessary proof was made of the loss of the warrant, and this, in our judgment, robs the errors of their harmful effect. The question resolves itself largely into [4] one of order of proof with respect to which the trial court must be permitted to exercise a reasonable discretion. (*Stephens* v. *Elliott,* 36 Mont. 92, 92 Pac. 45.) We fail to see

wherein defendant could have been prejudiced. If proof of the loss of the warrant had been introduced first, the competency of the oral testimony would be beyond question. (Sec. 7872, Rev. Codes; 3 Jones on Evidence, sec. 620.)

Counsel for appellant insist that the fact that plaintiff was [5] discharged could be proved only by the entries in the justice's docket, but in this they are in error. Section 9089 of the Revised Codes provides that the fact of discharge shall be evidenced by indorsement on the testimony or warrant. As the charge against plaintiff was not such as that the testimony was required to be reduced to writing, and filed as depositions, under the provisions of section 9087, the indorsement on the warrant would have furnished the best evidence of plaintiff's discharge, and, since the warrant was lost, parol evidence was admissible to prove the fact under the rule above.

The complaint, signed and verified by defendant, charging [6] plaintiff with grand larceny, was admitted in evidence. It bore a file-mark, but there was no evidence that the indorsement was made by Smith, the justice of the peace. We think it was not incumbent upon plaintiff to prove that the complaint was actually filed. Defendant admitted that he subscribed and swore to the complaint. By these acts he set the machinery of the law in motion. It was the duty of the justice to file the complaint, but over his action plaintiff had no control. Upon proof that a warrant was issued and the subsequent proceedings had, the presumption arises that official duty was regularly performed and that the complaint was duly filed. (Sec. 7962, subd. 15, Rev. Codes.)

If we assume that the justice of the peace is required to keep [7] a docket in criminal cases, the plaintiff cannot be held responsible for his failure to make the entries sufficiently complete to be intelligible, and under the circumstances the oral testimony that a preliminary examination was had was properly admitted. (1 Greenleaf on Evidence, sec. 513; 3 Jones on Evidence, sec. 623.)

[60 Mont. 118.]

Upon the trial defendant sought to show that, in addition to [8] his consultation with an attorney at law, he also consulted with and secured the advice of his wife and the cashier of his bank, and complaint is made of the rulings excluding this evidence. It is the general rule that the advice of nonprofessional persons is inadmissible to show probable cause. (26 Cyc. 33; 18 R. C. L. 50.)

Complaint is made of instruction No. 4 given to the jury, as [9] follows: "To constitute probable cause which would justify the institution of a criminal prosecution, it is only necessary that there should be evidence which reasonably warrants a belief in the guilt of the accused; it need not be sufficient to insure a conviction."

In *Martin* v. *Corscadden*, 34 Mont. 308, 86 Pac. 33, this court approved the following definition of "probable cause": "Probable cause is only such a state of facts and circumstances as would lead a careful and conscientious man to believe that the plaintiff was guilty." And in the further consideration of that definition, we said: "In the particular case, then, the inquiry must be, not whether the plaintiff was actually guilty, but whether the facts and circumstances were such as to warrant the defendant, as a prudent and conscientious man to believe him guilty. * * * All that is required is that a prudent and conscientious inquiry be made, and if it then appears that testimony is at hand or obtainable justifying a well-founded belief that a violation of the law can be established and a conviction secured, there is probable cause to proceed with the prosecution." Instruction No. 4 fairly states the rule as announced in the case above.

Exception is taken to the refusal of the trial court to give [10] defendant's requested instruction No. 3, as follows: "The discharge of Hawley by the justice of the peace is not any evidence whatsoever of malice on the part of Richardson or want of probable cause, from which malice may be implied." The court did not err. The same question was presented and

ruled adversely to appellant in *Grorud* v. *Lossl*, 48 Mont. 274, 136 Pac. 1069.

Instructions 1, 2 and 6, requested by defendant, are covered [11] fully by instruction 3 given by the court.

The court refused to give defendant's requested instructions 8 and 9, as follows: "8. You are instructed that in [12] determining whether there was probable cause for instituting the criminal proceedings by Richardson, you may make some allowance for the fact, if you believe it to be a fact, that Richardson felt himself injured by the offense which he alleged Hawley had committed, and under such circumstances he cannot be held as likely to draw his conclusions with the same impartiality that a person entirely disinterested would deliberately do." "9. All that was required of Richardson was that he should act as a reasonable and prudent man would be likely to act under like circumstances." However, the court gave the following definition of probable cause, in instruction No. 3: "Probable cause, as used herein, is a reasonable ground [13] or a suspicion, supported by circumstances sufficiently strong in themselves to warrant an ordinarily prudent and cautious man, acting impartially and honestly, in believing that a crime had probably been committed." We do not approve this definition. It requires the party making a criminal [14] complaint to act with entire impartiality, and does not take into account the circumstances surrounding him at the time he makes the complaint; but the instruction was given without objection. It became the law of the case, and we are precluded from interfering. Section 9271 of the Revised Codes provides, among other things: "No cause shall be reversed by the supreme court for any error in instructions which was not specifically pointed out and excepted to at the settlement of the instructions herein specified, and such error and exception incorporated in and settled in the bill of exceptions as herein provided." (See *State* v. *Cook*, 42 Mont. 329, 112 Pac. 537; *State* v. *Thomas*, 46 Mont. 468, 128 Pac. 588.)

Neither do we approve instruction 8 above, when considered standing alone. It amounts in effect to a comment upon the evidence. Our attention is directed to the case of *Spear* v. *Hiles,* 67 Wis. 361, 30 N. W. 511, wherein an instruction embodying the general provisions of defendant's requested instructions 8 and 9 above was approved, but the court laid emphasis only upon the last sentence, which is defendant's offered instruction 9, and did not comment upon the other portion. If we assume that instruction 9 should have been given, if instruction 3 had correctly defined probable cause, still the court could not give that definition and also give instruction 9. The two are essentially conflicting, and since defendant did not object to instruction 3, he cannot complain that the court refused his offered instruction 9.

Instruction 12 tendered by the defendant, but refused by the court, correctly states an abstract proposition of law, but it has no particular application to the facts of this case; on the contrary, the statement, "The policy of the law is to favor prosecutions for crime," might naturally lead the jury to infer that, in the opinion of the court, plaintiff was actually guilty of the larceny with which he had been charged by the defendant.

Complaint is made of instruction 4-A given to the jury, in which the court defined grand larceny in the language of the statute. One of the principal questions for the jury's determination was: Were the facts and circumstances such as to warrant the defendant, as a reasonably prudent person, in believing that plaintiff was guilty of grand larceny? The definition would furnish a standard by which the jury might determine that question, and for this purpose we think it was given properly. The plaintiff's story of the automobile transaction is substantially as follows: He had been engaged in purchasing and selling cattle, and had associated with one Balcolm. Balcolm had issued checks against plaintiff's bank account in Fairview, and plaintiff, fearful that the holders

of these checks would sue him and attach his property—the automobile in question, and a cow—on October 7, 1914, gave to defendant a bill of sale of the automobile and cow, for the sole purpose of covering up the property and, as he presumed, putting it beyond the reach of attachment process. He testified that he did not owe defendant anything; that he did not receive any consideration for the alleged transfer and that defendant had no interest in or lien upon the property; that the cow was afterward sold and the purchase price paid to plaintiff; that when he came to Fairview, on April 25, 1915, he told defendant that he was then going to take the automobile to Minneapolis, and did so. Defendant claimed, in effect, that the bill of sale was given him as security for the payment of $148.25, which he alleges plaintiff owed him, and had not paid. If plaintiff's story is true, defendant did not have probable cause, or any cause whatever, for instituting the criminal action, and the verdict can be accounted for only upon the theory that the jury accepted plaintiff's version as the true one, and did not believe defendant's testimony. The language of this court in *Grorud* v. *Lossl,* above, is pertinent here: "Of course, if the jury had accepted the story told by the defendant, the inevitable conclusion would have been that the plaintiff was guilty of the charge of larceny made against him, or, in any event, that the prosecution had not been instituted without probable cause. On the other hand, having accepted the story told by the plaintiff, with the legitimate inferences to be drawn from it, the jury were justified in concluding that the charge made was wholly without probable cause; and, having so concluded, they were at liberty to infer that in preferring the charge the defendant was prompted by malicious motives. * * * All the authorities agree that, while the plaintiff must prove both the want of probable cause and malice in order to make a *prima facie* case, they also agree that, when the absence of the former has been established, the presence of the latter may be inferred."

[60 Mont. 118.]

The evidence is sufficient to take the case to the jury, and to justify the court in denying a new trial.

Over objection of defendant, plaintiff was permitted to [19] show that he paid $75 to his attorneys in Minneapolis to appear before the governor of Minnesota and resist extradition, and the court instructed the jury that, if they found in favor of plaintiff, they might take this item into consideration as an element of damage. The evidence discloses, however, that, after some preliminary hearing before the governor, plaintiff abandoned his opposition, and came voluntarily with the Montana sheriff. Under these circumstances we think the money paid to the Minneapolis attorneys did not constitute a proper element of damages. It was altogether too remote.

Other assignments of error are made, but, in our judgment, they do not warrant special consideration.

The order denying a new trial is affirmed. The cause is remanded to the district court, with instructions to deduct $75 from the amount of the judgment as of the date of the entry judgment, and as thus modified, it will stand affirmed. Each party shall pay his own costs of these appeals.

*Modified and affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, COOPER and GALEN concur.