STATE, RESPONDENT, *v.* SAWYER, APPELLANT.

(No. 5,503.)

(Submitted September 10, 1924. Decided September 30, 1924.)

[229 Pac. 734.]

*Intoxicating Liquor — Unlawful Possession — Presumptions—*
*Burden of Proof—Instructions—Failure to Make Specific*
*Objection at Settlement—Trial — Objectionable Remark by*
*Judge—Duty of Appellant.*

Intoxicating Liquor—Possession of Liquor Found in Outhouse—Presumptions.
　　1. From the fact that one charged with the unlawful possession of intoxicating liquor had possession and control of an outhouse which was a necessary adjunct to the house in which he lived, the legal presumption, rebuttable in character, arose that he also had possession and control of the liquor found therein.

Same—Possession—Prima Facie Evidence of Guilt—Burden of Proof.
　　2. Under section 3, Chapter 116, Laws of 1923, possession of intoxicating liquor is *prima facie* evidence that the possession is unlawful and that it is being kept for the purpose of being sold or otherwise disposed of in violation of the law, and the burden is upon defendant to prove that his possession of it was lawful.

Trial—Error in Instruction—When not Entitled to Review on Appeal.
　　3. Alleged error in an instruction not specifically pointed out and excepted to at the settlement of the instructions, as required by subdivision 4 of section 11969, Revised Codes of 1921, is not entitled to consideration on appeal.

Same—Objectionable Remark by Trial Judge—Absence of Request for Direction to Jury to Disregard—Effect on Assignment of Error.
　　4. In the absence of a request that the trial judge direct the jury to disregard a remark made by him in ruling upon the admissibility of evidence, an assignment of error based thereon will not be reviewed on appeal.

*Appeal from District Court, Gallatin County; B. B. Law,*
*Judge.*

JERRY SAWYER was convicted of unlawful possession of liquor, and from the judgment of conviction and order denying motion for new trial he appeals. Affirmed.

*Mr. Warren W. Goodman* and *Mr. J. L. Staats,* for Appellant, submitted a. brief; *Mr. Goodman* argued the cause orally.

The evidence was insufficient to support the judgment. (*State* v. *Lewis* (Mont.), 223 Pac. 915; *State* v. *McCarthy,* 36 Mont. 226, 92 Pac. 521; *State* v. *Taylor,* 51 Mont. 387, 153 Pac. 275; *State* v. *Sief,* 54 Mont. 165, 168 Pac. 524; *State* v. *Postal Tel. Co.,* 53 Mont. 104, 161 Pac. 953.)

The remarks of the trial court that "the defendant has pleaded guilty to two prior convictions, and that of itself is evidence of prior sales, of course. If you want to prove other offenses, you might do so,"—were prejudicial to the rights of the defendant. (*State* v. *Hill,* 46 Mont. 24, 126 Pac. 41; *State* v. *Jones,* 51 Mont. 390, 153 Pac. 282; *State* v. *Geddes,* 22 Mont. 68, 55 Pac. 919.)

*Mr. Wellington D. Rankin,* Attorney General, submitted a brief; *Mr. A. H. Angstman,* Assistant Attorney General, argued the cause orally.

Ownership is not a necessary element in the crime of possessing intoxicating liquor. (*Seattle* v. *Brookins,* 98 Wash. 290, 167 Pac. 940; *State* v. *Harris,* 106 Or. 211, 211 Pac. 944.) Possession may be either actual or constructive. (*State* v. *Lee,* 164 N. C. 533, 80 S. E. 405; *State* v. *Ross,* 168 N. C. 130, 83 S. E. 307; *State* v. *Harris, supra;* see, also, *State* v. *Arrigoni,* 119 Wash. 358, 27 A. L. R. 310, 205 Pac. 7; *State* v. *Parent,* 123 Wash. 624, 212 Pac. 1061.)

It is difficult to see wherein the statement of the inference that the court drew from the effect of the plea of guilty to two prior convictions, was prejudicial to appellant. The appellant pleaded guilty to prior conviction and this would necessarily carry with it evidence of prior sales.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

Jerry Sawyer, twice having been convicted of unlawfully possessing intoxicating liquor, was again accused of that of-

fense. The prior convictions were alleged and these he admitted at his trial. He denied committing the instant offense but the jury found him guilty as alleged in the information. His motion for a new trial was denied. From the judgment and order denying the motion for a new trial, he has appealed.

The facts are that on February 5, 1924, a deputy sheriff [1] and two policemen acting under a search-warrant made search of the premises occupied by defendant in the city of Bozeman. They did not find any liquor in his residence, but in an outhouse, "a combination woodshed and toilet," they found six jugs or containers, in three gunny-sacks, two containers in each sack. Moonshine whisky was in the containers. There was a well-beaten path in the snow leading from the kitchen door of the residence to the outhouse, which had but one door without a lock upon it. There was no other toilet on the premises. During the morning of the day in question defendant had been working upon some logs which he intended to build into a garage. These were "right back of the toilet." He quit work about 11, went "up town," and remained there until 4 in the afternoon. Just before going to town he went into the outbuilding.

Defendant testified that to the best of his knowledge, there were not any containers or jugs in there at that time. He did not put any there, and did not authorize anyone to put any there. After his return home from town, and before his arrest, he had not been to the outhouse. He denied all claim to or knowledge of the liquor. His counsel contends that if defendant was not the owner of the liquor, or if he did not put it in the building or authorize its being put there, he cannot be found guilty of unlawfully possessing the same. There was no testimony to indicate that anyone else but defendant had entered the outhouse.

While the search was going on defendant engaged in conversation with one of the policemen. According to that officer's testimony defendant then said he did not own the outhouse.

On the trial defendant denied that he had made any such statement.

The fact remains that moonshine whisky was found in a building of which defendant had possession and control, and which was a necessary adjunct to the house in which he lives. The legal presumption is that he had possession and control over the whisky found therein. (*State* v. *Arrigoni,* 119 Wash. 358, 27 A. L. R. 310, 205 Pac. 7; *State* v. *Parent,* 123 Wash. 624, 212 Pac. 1061.) The presumption was rebuttable, but defendant, in the judgment of the jury, did not overcome it. The jury had the advantage of hearing the witnesses and of observing their appearance and demeanor upon the stand. The demeanor of defendant, his manner of testifying, the tone of his voice, the working of his face, the expression of his eyes, all were observed by the jury; these manifestations may have contributed largely to the verdict the jury found.

If the defendant was in possession of the liquor, *prima facie*
[2] his possession thereof was unlawful. Not only that, it was *prima facie* evidence that the same was kept for the purpose of being sold, bartered, exchanged, given away, furnished or otherwise disposed of in violation of the law, and "the burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed, and used." (Chap. 116, sec. 3, Laws 1923.) With the jury's finding we shall not interfere. While the evidence is not very strong, in view of what has been said we cannot pronounce it insufficient to sustain the verdict.

Error is assigned upon one of the court's instructions. But
[3] the alleged error was not "specifically pointed out and excepted to at the settlement of the instructions," as is required by subdivision 4 of section 11969, Revised Codes of 1921. (Indeed, the instruction was not objected to at all.) Consequently we may not consider the assignment. (*State* v. *Brodock,* 53 Mont. 463, 164 Pac. 658; *State* v. *Thomas,* 46 Mont. 468, 128 Pac. 588.)

A remark made by the trial court in ruling upon the **[4]** admissibility of evidence is assigned as error. But the record does not sustain the assignment. The court was not requested to direct the jury to disregard the language of the court which is quoted in the brief. An effort on part of counsel to move the court to instruct the jury to disregard something or other broke down in the middle. If the court's attention had been called to the language counsel criticises, the court no doubt would have corrected the inaccurate and clearly inadvertent expression used. But we cannot see that the language of the court tended to prejudice the defendant in any way. The testimony offered was for the purpose of impeaching the defendant and the court ruled in his favor.

Finding no error in the record, the judgment and order are affirmed.

*Affirmed.*

ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.

MR. JUSTICE RANKIN, being disqualified, did not hear the argument and takes no part in the foregoing decision.