STATE, Respondent, v. VALLIE, Appellant.

(No. 6,274.)

(Submitted May 4, 1928.  Decided May 26, 1928.)

[268 Pac. 493.]

*Criminal Law—Poisons—Unlawful Sale of Morphine—Infor-*
*formation—Sufficiency—Appeal—Bill of Exceptions—Pre-*
*sentation for Settlement — Time — Statute Mandatory —*
*Jurisdiction—Stipulation of Counsel Ineffectual to Extend*
*Time for Filing Bill.*

Criminal Law—Appeal—Bill of Exceptions—Settlement—Time—Stat-
ute Mandatory.
1.  The provision of section 12044, Revised Codes 1921, relative
to the time for presentation of a bill of exceptions in a criminal
case for settlement, in the absence of extension granted by the
trial or the supreme court, is mandatory and compliance there-
with indispensable to jurisdiction to settle it; hence where a bill,
required to be presented within ten days after judgment, was
not presented until about ten months and a half after entry of
judgment, the court was without jurisdiction to make settlement,
and the supreme court on appeal had none for purposes of re-
view.

Same—District Court Without Jurisdiction to Settle Bill of Excep-
tions if not Presented in Time—Stipulation of Counsel Ineffectual
to Confer Jurisdiction.
2.  Where the district court has lost jurisdiction to settle a bill of
exceptions for failure of presentation within the time allowed by law,
a stipulation of counsel thereafter that the bill might be consid-
ered as presented in time is ineffectual to re-invest the court with
jurisdiction once lost.

Same—Appeal—Errors in Instructions—Supreme Court may not Con-
sider in Absence of Bill of Exceptions.
3.  In the absence of a bill of exceptions pointing out alleged
errors in instructions, the supreme court on appeal is without
authority to consider such assignments.

Same — Narcotics — Illegal Sale — Morphine a Derivative of Opium—
Judicial Notice—Information.
4.  *Held,* that the courts take judicial notice of the fact that
morphine is a derivative of opium, and therefore, under section
11854, Revised Codes 1921, providing that matters of which judi-
cial notice is taken need not be alleged in an information or in-
dictment, a charge that defendant unlawfully, feloniously, etc.,
sold a certain quantity of morphine was sufficient, as against the
contention that it was fatally defective for failure to aver that
morphine is a derivative of opium.

4.  Judicial Notice, see notes in 89 Am. Dec. 663; 124 Am. St. Rep.
22.  See, also, 10 Cal. Jur. 693 et seq.; 15 R. C. L. 1054.

[82 Mont. 456.]

Same—Narcotics—Illegal Sale—Information Need not Negative Exceptions Named in Act.

5.  Under section 3200, Revised Codes 1921, the information in a prosecution for unlawfully selling narcotics need not negative any of the exceptions named in the Act, among them that the sale was not made upon an original prescription given by a duly licensed physician, the burden of proving any of the exceptions being upon defendant.

Same—Record Showing Filing of Bill of Exceptions After Expiration of Statutory Time—Duty of Appellant to Show Order Extending Time for Filing.

6.  Where a bill of exceptions appears on its face to have been filed after the expiration of the time allowed by law, the record on appeal must affirmatively show that additional time for filing was granted by court order, and such showing cannot be supplied by the presumption that the trial judge was acting in the lawful exercise of jurisdiction when he settled the bill.

---

[1]   Criminal Law, 17 C. J., sec. 3434, p. 147, n. 67 New.
[3]   Criminal Law, 17 C. J., sec. 3465, p. 174, n. 59.
[4]   Criminal Law, 16 C. J., sec. 951, p. 514, n. 78.   Indictments and Informations, 31 C. J., sec. 191, p. 670, n. 35.
[5]   Indictments and Informations, 31 C. J., sec. 269, p. 725, n. 88.
[6]   Criminal Law, 17 C. J., sec. 3434, p. 149, n. 87.

*Appeal from District Court, Glacier County; John J. Greene, Judge.*

ADA VALLIE, convicted of the crime of unlawfully selling narcotics, appeals from the judgment.   Affirmed.

*Mr. F. A. Ewald,* for Appellant, submitted a brief and argued the cause orally.

*Mr. L. A. Foot,* Attorney General, and *Mr. S. R. Foot,* Assistant Attorney General, for the State, submitted a brief; *Mr. S. R. Foot* argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

The above-named defendant was convicted of the crime of unlawfully selling and disposing of narcotics and, on February 14, 1927, sentenced to a term in the state prison and to

---

5.  Necessity of averment negativing exception in statute upon which prosecution is based, see notes in 6 Ann. Cas. 726; 13 Ann. Cas. 364; Ann. Cas. 1913B, 135.  See, also, 14 Cal. Jur. 52; 14 R. C. L. 188.

pay a fine, and on the following day gave notice of appeal to this court.

The defendant did not make a motion for a new trial. She did not obtain an order extending time for the preparation or settlement of a bill of exceptions from the judge of the district court or a justice of this court.

On December 31, 1927, about ten and one-half months after judgment was pronounced, a proposed bill of exceptions was prepared by counsel for defendant and on that day the county attorney and counsel for defendant entered into a stipulation, which was attached to the proposed bill, as follows: "It is hereby stipulated and agreed that the foregoing bill of exceptions is true and correct and that the same may be signed, settled and allowed by the court, without notice, time therefor being hereby waived."

On January 3, 1928, the proposed bill was presented to the judge of the district court and he attached thereto his certificate to the effect that pursuant to the stipulation of the parties the bill was "settled, signed and allowed as and for the bill of exceptions for said defendant to be used on appeal herein to the supreme court of the state of Montana." The purported bill of exceptions is included in the transcript on appeal filed herein.

In his brief filed in this case counsel for the defendant has assigned eight specifications of error, of which numbers two to six are directed at the rulings of the court on the admissibility of some of the evidence introduced at the trial. These alleged errors could only be reviewed by an examination of a bill of exceptions disclosing the proceedings had at the trial.

At the outset we are met with an objection to a consideration of the bill of exceptions embraced in the record, on the ground that it was not settled and allowed within the statutory time.

Section 12044, Revised Codes of 1921, provides that in cases [1] where no motion for a new trial is made, "whenever a party desires to have a bill of exceptions settled he must

prepare a draft of a proposed bill and present the same, upon notice of at least two days to the adverse party, to the judge for settlement, within ten days after judgment has been rendered against him, unless further time is granted by the judge of the district court or by a justice of the supreme court, or within that period the draft must, upon such notice of at least two days, be delivered to the clerk of the district court for the judge. When received by the clerk he shall deliver it, together with any amendments proposed or objections thereto, to the judge or transmit it to the judge with such amendments and objections, as soon as may be, and when settled, the bill must be signed by the judge and filed as part of the record of the case.''

In *State* v. *Kremer,* 34 Mont. 6, 85 Pac. 736, it was held that the statute relating to the settlement of bills of exception in criminal cases is mandatory and that a compliance therewith is an indispensable prerequisite to the consideration of such a bill by the supreme court. This rule has never been departed from.

After the time allowed by statute, or order of court, for the presentation of a bill of exceptions to the judge, or its delivery to the clerk for him, has expired, and no such presentation or delivery has been made, the judge loses jurisdiction over the matter and has no authority to settle such a bill. (*State* v. *Harder,* 130 Wash. 367, 227 Pac. 501; *Territory* v. *Flores,* 3 Ariz. 215, 77 Pac. 491; *Neuman* v. *Becker,* 54 Ohio St. 323, 46 N. E. 706.)

The fact that counsel stipulated on December 31, 1927, that [2] the bill, as then presented, might be allowed and settled as defendant's bill of exceptions on appeal is of no avail. Counsel could not in this way re-invest the judge with jurisdiction which he had lost, to settle the bill. His certificate to the purported bill was a nullity. (*Simpson* v. *Pioneer Irr. Dist.,* 17 Idaho, 435, 106 Pac. 1; *State* v. *Harder,* supra; *Lenglesen* v. *McGregor,* 162 Ind. 258, 67 N. E. 524, 70 N. E. 248; *Morris* v. *Watson,* 61 Ill. App. 536.)

Under the authorities, we cannot take cognizance of the purported bill of exceptions. To do so would amount to holding that we have discretionary power to dispense with the law whenever we deem it proper to do so. Because we cannot consider the purported bill of exceptions, we cannot pass upon defendant's specifications of error numbered two to six, inclusive.

Specifications of error seven and eight are directed at [3] alleged errors in the court's instructions to the jury. In the absence of a bill of exceptions specifically pointing out the claimed errors, this court is without authority to consider these assignments of error. (Sec. 11969, Rev. Codes 1921; *State* v. *Cook*, 42 Mont. 329, 112 Pac. 537; *State* v. *Thomas*, 46 Mont. 468, 128 Pac. 588; *State* v. *Sawyer*, 71 Mont. 269, 229 Pac. 734.)

The prosecution in this case was based upon section 3189, Revised Codes 1921, which provides in part: "It shall be unlawful for any person to sell, barter, exchange, distribute, give away, or in any manner dispose of, at retail, or to a consumer, opium or coca leaves, or any compound, manufacture, salts, derivative, or preparation thereof, within this state, except upon the original written prescription of a duly licensed physician, duly licensed to practice medicine in Montana, and pursuant to all the requirements of this Act."

The charging part of the information reads: "That the said [4] defendant Ada Vallie did then and there wilfully, wrongfully, unlawfully and feloniously sell, and dispose of at retail certain narcotics, to wit: about seven (7) grains of morphine to one Harry Davis, a person over the age of eighteen."

As shown by the minutes of the trial court appearing in the transcript, in accordance with the provisions of sections 12045 and 12074, Revised Codes 1921, at the opening of the trial in the district court counsel for defendant challenged the sufficiency of this information upon the ground that the same does not state a public offense, and this is made the basis of the first specification of error. In support of this

specification he now urges upon the consideration of this court two points: (1) that the information does not charge the defendant with the selling of "opium, or coca leaves, or any compound, manufacture, salts, derivative or preparation thereof"; (2) that it fails to state that the sale was not made upon the original written prescription of a duly licensed physician.

As to the first ground of the objection, we deem it sufficient to say that morphine is defined as "a bitter, crystalline narcotic alkaloid contained in opium" (New Standard Dictionary), and that the courts take judicial notice of the fact that it is a derivative of opium. (*Jefferson* v. *State* (Okl. Cr. App.), 244 Pac. 460; *Barr* v. *State* (Okl. Cr. App.), 231 Pac. 322.)

The second point urged against the information is disposed [5] of by statute. Sections 3189 to 3202, Revised Codes of 1921, were enacted as sections 1 to 12 and sections 14 and 15, inclusive, of Chapter 202, Session Laws of 1921 (page 202). Section 12 of that Act, now section 3200, Revised Codes 1921, provides that it shall not be necessary to negative any of the exceptions named in the Act in any prosecution by information thereunder and that the burden of proof of any of such exemptions shall be on the defendant.

In *State* v. *Finley*, 72 Mont. 42, 231 Pac. 390, which was a prosecution like this, for a violation of the provisions of section 3189, supra, the information charged that the sale was not made upon the original written prescription of a duly licensed physician, duly licensed to practice medicine in the state of Montana. It was held that under section 3200, supra, this allegation was surplusage and that after a sale had been proven by the state, then, if it was made upon a prescription authorized by statute, it was incumbent upon the defendant to prove that fact.

The above statute and decision are controlling here and it was not necessary for the information in this case to negative

any of the exceptions contained in the statute under which the prosecution was had.

It is our conclusion that the information states a public offense, and the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, MATTHEWS and GALEN concur.

## OPINION ON MOTION FOR REHEARING.

MR. JUSTICE STARK delivered the opinion of the court.

On petition for a rehearing the defendant asserts that the court should have given consideration to the bill of exceptions contained in the record, because (1) it does not affirmatively appear therefrom that orders extending the time for settling the same were not made; (2) because of the stipulation of counsel consenting that the same could be settled; and (3) because it would be presumed that the judge was acting in the lawful exercise of jurisdiction in settling the same at the time he did.

In the opinion on rehearing in the case of *O'Donnell* v. *City of Butte,* 72 Mont. 449, 235 Pac. 707, it is stated [6] that when a bill of exceptions appears on its face to have been filed after the expiration of the time allowed by law, the record must affirmatively show that additional time for filing the same was duly granted by order of the court; that on the expiration of the time allowed by statute—whether original or extended—the court loses jurisdiction to settle the same; that this jurisdiction cannot be re-invested by stipulation of counsel, and that the showing required to be made in the record cannot be supplied by presumption. The decision in that case is controlling here and negatives each of the points above contended for by the defendant.

It is further argued that although the court would take judicial notice of the fact that morphine is a derivative of

[4]   opium, that would not do away with the necessity of an allegation to that effect in the information and, since none was contained therein, it does not state a public offense.   This contention is disposed of by section 11854, Revised Codes of 1921, which declares: "Neither presumptions of law, nor matters of which judicial notice is taken, need be stated in an indictment or information."

The petition for rehearing is denied.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, MATTHEWS and GALEN concur.

Rehearing denied June 30, 1928.