THE STATE OF MONTANA, Plaintiff and Respondent, v.
BERNARD FITZPATRICK, Defendant and Appellant.

No. 11258.
Submitted April 12, 1967. Decided May 4, 1967.
427 P.2d 300.

Howard C. Foreman (argued), Billings, for appellant.

John L. Adams, Jr., County Atty. (appeared), Billings, William A. McCormick, Asst. Atty. Gen (argued), Honorable Forrest H. Anderson, Atty. Gen., Helena, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal from the judgment and the court's denial of a motion for new trial in the thirteenth judicial district, Yellowstone County, Judge C. B. Sande presiding.

Appellant Bernard Fitzpatrick was charged and found guilty of an assault against Leroy Gash with a Waffenfabrik Mauser .32 Automatic. Fitzpatrick's wife, Donna Mae, was previously married to Gash, and there were two children by the prior marriage. Fitzpatrick, in explaining why he was carrying a gun, testified that on the evening of the alleged assault he had gone home to get the gun to make a loan on it. He left home with the gun about 7:00 p.m. He had been drinking downtown earlier in the day.

About 10:15 p.m. Fitzpatrick went to the Montana Bar, where he met Gash whose wife had just had a son. The new father gave Fitzpatrick a cigar; Fitzpatrick bought Gash a beer. They left the bar to sit at a table. They had an apparently friendly conversation concerning Gash's children by the former marriage, and conversation was continued in the restroom of the bar. In the restroom Fitzpatrick showed Gash his gun which had been concealed in his waistband, and when Gash asked to see the gun he ejected the cartridges on the floor. Appellant said "don't do that" and reloaded the gun, fired the gun into the wall and then put the pistol in the waste

basket. The bartender aroused by the noise came to the door and was told by Gash the noise was probably a firecracker. The discussion about the children was continued with Fitzpatrick apparently trying to get Gash to come out and see the children of Gash's first marriage. At this point of this rather bizarre situation Fitzpatrick said "Maybe you will understand this," and thereupon shot Gash seven times in the upper part of the left leg. Gash in an effort to save a leg or his life attempted to take the pistol from Fitzpatrick, but Fitzpatrick raised the gun, swung on Gash, using the gun as a club. At this point Gash abandoned his pacification efforts on Fitzpatrick and left to get medical attention. When Fitzpatrick was arrested at his home later, he was unconscious (or drunk) on his bed. Fitzpatrick testified that he remembered nothing after entering the restroom and that it was his opinion considering his medical history that drinking caused him dizzy spells and blackouts. The first specification of error is that the district court judge refused to give the following instruction:

"You are instructed that in every crime or public offense there must exist a union or joint operation of act and intent, or criminal negligence." This is a restatement of section 94-117, R.C.M.1947. The portion of the assault statute (section 94-602) which is to be read with the foregoing statute says: "Every person who, under circumstances not amounting to the offense specified in the last section: * * *

"4. Willfully and wrongfully assaults another by the use of a weapon, or other instrument or thing likely to produce grievous bodily harm * * * is guilty of an assault in the second degree * * *."

Mr. Justice Castles writing in State v. Straight, 136 Mont. 255, 262, 263, 347 P.2d 482, 487, said: "Specific intent needs to be proved in second degree assault charges only under subdivisions 1, 2 and 5 of section 94-605, because in those instances the statute demands it." Later on page 270, 347 P.2d on page 491 he said, "As we have heretofore mentioned, subdivi-

sions 3 and 4 of section 94-605, do not specifically require intent in order to constitute an assault. * * * Under the above assault sections the prosecution is only required to prove that the assault was committed wilfully, wrongfully, and unlawfully." As Mr. Justice Castles inferred, a general non-statutory intent to do a harm wilfully, wrongfully, and unlawfully is an element under section 94-602(4), but a specific statutory intent to do any particular kind or degree of injury to the victim is not an element under this subsection. Burke v. United States, 9 Cir., 282 F.2d 763, 92 A.L.R.2d 628.

Criminal negligence has been found to be an element of assault with a deadly weapon in some jurisdictions. 92 A.L.R.2d 650. However, criminal negligence has never been found to be an element of assault in Montana under section 94-602(4).

In this case we find that the giving of section 94-117 in its entirety would have hindered rather than helped the deliberations of the jury. We find that the following portion of given instruction 13 covered the problem: "You are instructed that in every crime or public offense there must exist a union or joint operation of act and intent."

Appellant also specifies as error a failure to give the following instruction: "You are instructed that in order to convict the defendant of the crime of assault in the second degree you must find beyond a reasonable doubt that he committed the act willfully, wrongfully, and unlawfully." Though not in exactly the same words, the given instruction 1-8 adequately covered the material in the proposed instruction concerning the wrongfulness, and unlawfulness, and concerning a finding beyond a reasonable doubt. The trial court did not err in refusing to give the proposed instruction.

As the third error, appellant's counsel specified the failuse of the district judge upon motion of appellant's counsel to exclude police officers who were called as witnesses for the respondent. Counsel cites section 93-1901-2 which states:

"Witnesses not under examination may be excluded. If

either party requires it, the judge may exclude from the courtroom any witness of the adverse party, not at the time under examination, so that he may not hear the testimony of other witnesses."

In State v. Walsh, 72 Mont. 110, 232 P. 194, 196, the court held that two members of the sheriff's force, who were witnesses, were exempt from the exclusion rule. This principle was supported in State v. McLeod, 131 Mont. 478, 311 P.2d 400, 409.

██ Appellant also specified as error the failure to give any one of three almost identical instructions concerning misfortune or accident in this case. It is the understatement of the year to say that shooting a person seven times was an accident or misfortune. Particularly in view of appellant's statement, "maybe you will understand this."

The motion for new trial is without merit.

The conviction in the lower court is affirmed, and in view of appellant being out on bond pending this appeal and his propensity for "accident or misfortune" it is ordered that remittitur issue forthwith.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES DOYLE, ADAIR and CASTLES concur.