PETITION OF BERNARD FITZPATRICK.

No. 11817.
Supreme Court of Montana.
January 27, 1970.
464 P.2d 507.

MEMO OPINION

PER CURIAM:

Petitioner, an inmate of the Montana State Prison, seeks a

writ of habeas corpus.

From his petition, and the records of this Court, the petitioner was tried by a jury, convicted and given a six year sentence for second degree assault. See State v. Fitzpatrick, 149 Mont. 400, 427 P.2d 300.

He contends that he was denied counsel in violation of Art. III, Sec. 27 of the Montana Constitution and the 6th and 14th Amendments of the United States Constitution.

The record shows that the assault was witnessed by a number of patrons of the Montana Bar and was not denied by petitioner. The petitioner emptied a clip, seven bullets, into the upper left leg of one Owen LeRoy Cash, the ex-husband of petitioner's wife. He then fled to his home where he was arrested by four police officers of the Billings Police Department. The evidence showed that though the petitioner had been drinking he was able to get into the police car and walked into the station for his booking. At the time of his arrest petitioner was advised of his rights and when about to be questioned the next morning by detective Drain he remembered this fact and so informed Drain. Petitioner now alleges that on the morning after the assault he was not given a full Miranda warning; that the testimony given by Drain at the trial was erroneous due to the fact Drain had not informed him that as an indigent he could have counsel present at the time of the questioning even though he told detective Drain he had been advised of his rights the night before.

Careful examination of the record shows that petitioner was at the time of his arrest advised of his rights; that though he alleges he was so intoxicated at the time of his arrest as not to know what happened, yet early the next morning he recalled to detective Drain that he had received such a warning; that detective Drain gave him an additional warning which according to petitioner did not include the fact he could have counsel at the time he answered several questions from Drain. Further, petitioner took the stand at his trial and testified fully

as to the facts of the assault in far more detail than the few statements he voluntarily gave detective Drain. He gave the court and jury the benefit of his entire story and explanations of the statements he voluntarily gave. It is our opinion that the record indicates no prejudicial effect from his answers to detective Drain, in view of petitioner's testimony.

We have examined the rules pronounced in Escobedo, Miranda, and our own case of State ex rel. Berger v. Dist. Ct., 150 Mont. 128, 432 P.2d 93, and as we read these cases, the standard involved still remains whether the answers were voluntarily made in an intelligent manner or, put another way, whether coercion was used to overcome the freedom of choice. Here there was none.

For these reasons there is no merit to the contentions of petitioner and the writ sought is denied and the proceeding dismissed.