MR. JUSTICE HARRISON
dissenting;
I must respectfully dissent.
In order to reverse a case on the issue of whether the trial judge abused his discretion in denying the appellant’s motion for a continuance, we must look to the statutes and the case authorities established by this Court. I do not find an abuse here.
Controlling this matter is section 25-4-501, MCA, which provides:
*72 “Motion to postpone trial for absence of testimony. A motion to postpone the trial on grounds of the absence of evidence shall only be made upon affidavit showing the materiality of the evidence expected to be obtained and that due diligence has been used to procure it.”
This language is mandatory and must be construed as such. See State v. Radi (1975), 168 Mont. 320, 325, 542 P.2d 1206.
Here, appellant did not file an affidavit demonstrating the materiality or that he had used due diligence to get the witness involved. In view of appellant’s failure to comply with the statute, section 25-4-501, MCA, how can it be said that the District Court abused its discretion in denying a motion for a continuance. See, State v. Pascgo (1977), 173 Mont. 121, 566 P.2d 802; State v. Harvey (1979), 184 Mont. 423, 603 P.3d 661.
The denial of a motion for continuance is within the sound discretion of the District Court, and it cannot, in my opinion, be error to deny such a motion unless there is a clear abuse of that discretion. See, State v. Olsen, (1968), 152 Mont. 1, 445 P.2d 926; section 46-13-202, MCA.
Since the above section places the filing of an affidavit within the sound discretion of the trial court and no affidavit was required in the case, an examination of the facts and the circumstances surrounding the denial of the motion should be looked to to determine whether the court abused its discretion.
Appellant relies on Salazar v. State (Alaska 1976), 559 P.2d 66, which outlines certain considerations that may be weighed in determining if the denial of the continuance is an abuse of discretion. The factual issues as stated in Salazar were:
.. (1) whether the testimony is material to the case; (2) whether the testimony can be elicited from another source; (3) whether the testimony is cumulative; (4) probability of securing the absent witness in a reasonable time; (5) whether the requesting party was diligent and acting in good faith; (6) the inconvenience to the court and/or others; and (7) the likelihood that the testimony would have affected the jury’s verdict . .
*73 It should be noted that the very language of section 46-13-202, MCA, requires that the movant demonstrate his diligence prior to the consideration of any of the other factual issues.
Here, appellant had the clerk of the court issue a subpoena for Russell Brohaugh on April 11, 1979. That subpoena was served by counsel for appellant, Mr. Stacey, on April 15, 1979. The subpoena directed Brohaugh to appear at the Yellowstone County Courthouse at 9:00 a.m. on April 18, 1979.
Brohaugh was not called to the stand until after the afternoon recess. There is no showing in the transcript prior to the time Bro-haugh was called that the court was informed that he had failed to appear as ordered in the subpoena. Nowhere in the record did Mr. Stacey, counsel for appellant, request from the court a bench warrant for Brohaugh. See, section 45-7-309(c), MCA. Nowhere in the record did counsel request the court to order the sheriff’s office to go and pick up Brohaugh as required by section 26-2-106, MCA. There is no indication in the record that Stacey attempted to contact Brohaugh between 9:00 a.m. and the time Stacey called Bro-haugh to the stand.
The State does not deny that appellant up to the time of trial acted diligently, but from the very time that counsel discovered Brohaugh had failed to appear as instructed by the subpoena until he called Brohaugh to the stand, appellant exercised no diligence whatsoever. Under these circumstances, I would find that the court exercised its sound discretion in denying the motion for a continuance. I would affirm the judgment below.